## HELM v. WILSON.

1. If work be done under a special agreement, the agreement must be complied with, before the party can recover any thing—and this is equally the case whether *all* the work be done or only a part done.
2. It seems that the work must be done and the contract complied with both as to time and manner, before the party can recover at all.
3. This is not the case if the other party prevents the doing of the work —or the times of the contract are varied by agreement—or performance is prevented by the act of God.

## IN APPEAL.

McGIRK Judge, delivered the opinion of the court.

Wilson brought an action of assumpsit on a special agreement; the first count goes for an agreement by which Wilson agreed to dig a ditch and tail race for a mill, the race was to be of a certain description. Helm was to do certain things on his part to enable the plaintiff to proceed. Then there is a count on the quantum meruit—issue non assumpsit. There was proof of the special agreement; there was also proof, though somewhat conflicting, that some of the work, that is the tail race, was done according to contract. There was evidence to shew that some work had been done on the head race; but not enough to effect the object had in view by the contract. How deep this race should have been seems to depend on the fact of raising certain dams along the embankments so as to carry the water from the springs to a still house, which Helm was to make and keep the water following on behind the ditcher, so that he would be constantly informed when the race was deep enough. This Helm failed and refused to do. Whether Wilson dug all he could without running the risk of digging too much, does not appear to be settled by the testimony. There is as to this point conflicting testimony.

When the evidence was closed on both sides the plaintiff's counsel prayed the court to instruct the jury.

1st. That if they find from the evidence that Wilson made a contract as stated in either of the special counts, and has performed it, they will find for him.

*Assumpsit.*
*Declaration.*

*Plea and issue.*
*Evidence.*

*Instructions prayed to jury.*

2nd. That if they find from the evidence that there was no contract, but, the work was done at the request of the defendant then, under the general count they must find for the plaintiff.

3rd. That if the jury find that there was a special contract, and Wilson performed work under that contract different from the work to be done, then they will find for the plaintiff on the general count, for work and labour. Which instructions were given.

The defendant's counsel then asked the court to instruct the jury.—That if they found the agreement, and that the plaintiff had not performed all he could have performed, they must find for the defendant.

2nd. The second is the same in substance as the first.

3rd. That if the work proved was done under a special agreement, but not according to it, then they must find for the defendant unless the defendant prevented the execution of the special agreement.

These instructions were refused. There was a verdict for the plaintiff, and judgment thereon, to reverse which the defendant brings his cause to this court by appeal.

If work be done under a special agreement, the agreement must be complied with, before the party can recover any thing --and this is equally the case whether *all* the work be done or only a part done.

In the argument of the cause only one point was made, which is, that where a special agreement exists, and the plaintiff proves a part execution of the work, and then the work ceases without the balance being done and a part only or the whole performed, but different from the agreement: in either case the party can recover for what the work is worth.

To prove the plaintiff can recover in such cases Mr. Rees for the appellee cites 1 Sel. N. P. by Wheaton 58, note 23. Bul. N. P. 139. Strange 638. 10 John R. 36. 1 Mo. R. 47. Labaum v. Hill & Kees. 1 Bos. & Pul. 354.

The case in Buller does support the proposition assumed by the appellee's counsel. In page 139 Buller lays down the law thus. If a man declare on a special agreement and likewise upon a quantum meruit, and at the trial prove a special agreement but different from what is laid—he cannot recover on either count, not on the first because of the variance, nor on the second because there was a special agreement. But if he proved a special agreement and the work done, but not pursuant to such agreement, he shall recover on the quantum meruit, for otherwise he would not be able to recover at all, as if in a quantum meruit for work and labour, the plaintiff proved he had built a house for the defendant: though the defendant should afterwards prove there was a special agree-

MAY TERM
1835.

Helm
v.
Wilson.

ment, about the building of it, viz: That it should be built at such a time and in such a manner, and that the plaintiff had not performed the agreement. Yet the plaintiff would be allowed to recover upon the quantum meruit, otherwise he could not recover at all, though doubtless such proof would be proper to lessen the damages.

It is admitted by us that such has been holden to be the law in some cases both in America and England since Keeks case cited by justice Buller in Buller's N. P. 139, decided at nisi prius Oxon. 1744.

We never have seen the cases reported any where. The case above cited from Strange cannot be now had, and the case of Cooke v. Manstone, Bossanquet & Puller is wrongly cited.

The case cited from 10th John R. 38, Lenningdale v. Livingston, is a case of this kind: the plaintiff agreed to furnish certain logs, to bore and lay them, he procured and brought the logs to the place and bored some; the defendant then refused to have the balance of the work done, took the logs and used them. The plaintiff was allowed in this case to recover on the General count for the reason that the defendant had prevented the execution of the special agreement. The court in that case advert to the doctrine as laid down in Buller 139, and seem to admit that the law is correctly laid down there. In our opinion this case in Johnson was put on the correct ground, which is this, that where there is a special agreement and the plaintiff is prevented by the defendant from doing the work, then the plaintiff may recover the worth of the labour at least or he may recover for the whole as if performed. Such was the opinion of this court in the case of Paulsil & Clendennin 3 vol. Mo. R. 230.

In the case of Labaum v. Hill & Kees 1 vol. Mo. R. <span style="margin">Labaum v. Hill & Kees overruled.</span> 47, this court did lay down the law to be, that when there was a special agreement declared on and proved though not performed according to the agreement, yet the plaintiff may recover for the work really done. We are of opinion that the law in this case was not well considered; in this case the court laid down the law to be that where there was a covenant to do work in a particular manner and at a particular time, that parole evidence might be given to prove the work done, and that the plaintiff might recover on a quantum meruit, though the work may prove not to have been done according to the covenant.

This point was expressly decided by the court on the authority of the case put in Buller 139, and also on the

MAY TERM 1835.

Helm
v.
Wilson.

authority of the case in 10th John. R. 38. See page 47 1 vol Mo. R. So far as regards the case in 10th John. R. the court seems to recognize the authority of Keeks case in Buller, but expressly decide the case on the ground, that the defendant had put an end to the contract and prevented the plaintiff from proceeding to execute the agreement. The case of Labaum v. Hill & Kees as to this point has never been well received by the bar as we understand. In the case of Crump v. Meed 3. vol. Mo. R. 235, this court decided that where there was a covenant to perform work the party could not abandon his covenant and go for work and labor on quantum meruit. It seems to us this case overrules the doctrine as laid down in Labaum's case. It is a matter of regret that

It seems that the work must be done and the contract complied with both as to time and manner, before the party can recover at all.

the report of Keeks case cannot be had: if it were in truth such a case as Justice Buller says it was, then we cannot see how it can be consistent with the law. Buller says the case was that it undertook to build a house of a particular kind, and to do the work in a particular manner and at a particular time, he may recover for whatever the work is worth, though it should appear that the work was not done in the manner contracted for. Can

This is not the case if the other party prevents the doing of the work —or the times of the contract are varied by agreement—or performance is prevented by the act of God.

this be the law? It seems to us it cannot be so. It is a general rule of law that a contract must be performed according to the terms of the agreement before the party can have any right of action. This rule however is subject to some qualifications—one is, that if the other party will prevent the execution of the agreement then the action will lie, and the plaintiff's right to recover is as complete as if the contract had been fully executed.

Another qualification is, that where the parties vary the original terms of the agreement by substituting something else, for the whole or for particular parts of the agreement, there the substituted things become a part of the agreement, and the parts dispensed with are no longer any part of the agreement. But then the substituted parts must be performed before any action can arise and it is possible there may be cases where the act of God would excuse the performance so as to enable the plaintiff to recover for what he had done, where all was not done. The legislature cannot make a law impairing the obligation of a contract. The courts cannot do it, nor should they permit a party to do it, and yet, at the same time allow him to recover for the full value of his labor as if he had complied with his agreement, under the apology that though it is true he has utterly disregarded his agreement and has done work for the other party which

MAY TERM,
1835.

Helm
v.
Wilson.

was not agreed for, he must recover in general assumpsit or he cannot recover at all.  Suppose he could not recover at all.   What of that? it is better he never should recover, than that the defendant should be compelled to pay for work he never contracted for: Suppose A. agrees to build a house for B. on the land of B. which he wishes to use as a store room for wholesale business, and the form and manner of the work is agreed on to that end.   A goes on to build the house only half as big as he was to make it, with only half the number of windows and doors, and those windows and doors only of half the size agreed for.

B. refuses to pay any thing and is sued in general assumpsit for so much as the work is worth.   The defendant proves on the trial that he bargained for a large house well lighted and to be of good workmanship, and the house built is totally unfit for the purpose; that the workmanship is inferior and almost useless.   The law as laid down in Buller will make this reply to him: this plaintiff notwithstanding his special agreement to build for you a house fit for the business of a wholesale merchant, had a right instead thereof to build just such a house for you as he might please.   If the house will not do for the purpose you wanted it for, yet, it will answer for some other purpose and we will leave it to the jury to say how much such a house is worth as a blacksmith shop, a stable or dwelling house, and if they find the house built is good for any of those things, they will find how much the labor and materials are worth, and you must pay for the house according to such value.   This doctrine is predicated on the idea that the plaintiff is entitled to the worth of his labor, without any regard to the rights of the other party. It will not be denied that it is a matter of great consequence that men who have means and money to employ labor should be at liberty to employ the same with a view to their own interests.   This end is totally defeated if it be true that the other party has a right to substitute other labor as to kind and quality, and time too, to suit his own interests best, and compel the other party to pay therefor so much as it may be worth.   But the argument is that if it is worth little or nothing, little or nothing will be allowed.   Can it be right and lawful to compel the defendant to be taxed with the expenses and trouble of a law suit to shew that the work was worth little or nothing, and if the work was worth any thing at all for any purpose, the defendant must pay for it, and the costs too, when the plaintiff's only merit is that he has worked and labored, but contrary to his agreement and contrary to

MAY TERM
1835.

Helm
v.
Wilson.

the wish and interest of his employer. The law as laid down by Buller in Keeks case has no reason in it as there stated.

It may in truth have been a better case than it seems to have been: it may have been *that, as to the alteration* of the form of the work it was proved that the defendant agreed to that; if that were so, then the substituted agreement would in truth be the agreement of the parties, and if that were proved then the plaintiff ought to recover if he has executed this new agreement with the remaining part of the old one.

We hold the law to be, that where there is a special agreement the party who is to execute it must do so before he can recover any thing. And if there be subsequent modifications of the agreement so as to change the quantity, manner or quality of the work, then when this is proved, the modified agreement may be engrafted on the old bargain, so as to make a good agreement and may then when executed be recovered on. As to the mode of proof there is no more difficulty in this case than in any other. If a man be present while the work progresses and makes no objection to an alteration which is proved to have been seen and known by him, this may be some evidence that he agreed to the alteration. Subsequent use may sometimes be strong evidence and sometimes very weak. But let this matter be as 'it may, the proof lies on the plaintiff, and he must make it out, as he must in every other material case.

We are of opinion the court erred in the 2d and 3rd instruction given for the plaintiff. The judgment of the court below is reversed—the cause is remanded.