## RAYMOND vs FISHER & HANSON.

An action of covenant cannot be sustained on a covenant modified by a subsequent parol agreement.

Opinion of the court, delivered by Napton, Judge:

"This was an action of convenant brought by Raymond against the defendants, Fisher and Hanson, in the Boon circuit court. The covenant declared on was executed by the parties on the 23d of September, 1838, by which Raymond contracted to deliver, by the first day of November following, at Rocheport, two flat boats, of specified description, and the defendants agreed to pay therefor, on delivery, three hundred and sixty dollars, and a penalty of three hundred dollars, in the shape of liquidated damages, was agreed to be paid by the failing party.

The declaration alleges that, after the date of the covenant so made, on the 10th of October following, a parol agreement was made between the parties, that the time for the delivery of the boats should be extended until the 15th day of November following; that in pursuance of said agreement, plaintiff completed and delivered one of the boats made in pusurance of the plan in the covenant, and that defendants accepted the same and that on the 14th day of November, before the time agreed on by parol expired, said defendants hindered the plaintiff from completing and delivering the other boat, by declaring they would not receive the other boat, &c. The breaches assigned are for the penalty and the price of the boat.

To this declaration, defendants demurred generally, and the circuit court sustained the demurrer.

The only question is, whether an action of covenant can be sustained on a covenant modified by a subsequent parol agreement. It must be admitted, that the question is not without its difficulties, whether reviewed as one of mere precedent, or as involving the very rights of the parties. The courts of New-York, especially, have so connected their opinions in relation to the rights of the parties to contracts, some of which this court in the case of Helm and Wilson, (4 Mo. R. 45) have solemnly disclaimed, with their adjudications as to the remedies for the establishment of those rights, that it may not be very easy to extract any general and fixed rule of practice from the cases determined by that court.

I apprehend, however, that notwithstanding a conflict of decisions may be discovered, it may be safely affirmed that the question arising on this demurrer is merely a question as to the form of action. The law must be regarded as settled, that a sealed contract may be modified as to the time of performance by a subsequent parol agreement. Colgan vs Sharp, 4 Mo. Rep. 41, 481, 2d Cond. Rep. 581.

This court has also decided, that where there is special contract, and the plaintiff seeks to recover the value of his work done in accordance with such contract, he must declare on the special contract, and if his entire completion of the work in accordance with the terms of the contract has been prevented by the acts of the other party, he may allege such prevention as an excuse for non-performance. Clendennin v Paulsel, 3 Mo. Rep. 320. Crump v Mead, ib 223: Helm v Wilson, 4 Mo. Rep. 45. In the two first cases, there were covenants between the parties, and the court declared that the plaintiff must recover on the covenant; but I do not understand the court to intimate that if the covenants have been varied by parol agreement, they can still declare in covenant, though it may be well inferred that they must declare specially. The question, as I take it, is therefore still open so far the decisions of this court are con-

cerned, whether a sealed contract can be declared on in covenant, with an averment that by a subsequent parol agreement the time of performance was enlarged.

AUGUST TERM 1839.

Raymond vs Fisher and Hanson,

It is incontrovertably settled, that where a covenant has been modified by a subsequent parol contract for enlarging the time of performance, and the plaintiff declares on the covenant, *without any averment* of such subsequent agreement by parol to dispense with the time, he cannot recover. Sittler v Holland 3. T. R. 590. Phillips v Butler 8. John R. 392 Freeman v Adams 9 J. 115. Stetville v Miles 2 Marsh. 425, Harrison v Taylor 3 Marsh, 151. The leading case on this subject is the case in Dunford and East, of Sittler against Holland. The plaintiff had covenanted to build two houses for L500 by a certain day, and in an action of covenant for the money, averred that the houses were built in the time;— to which defendant pleaded, that the houses were not built in the time. Plaintiff proved on the trial, that the parties had, by a parol agreement subsequent to the date of the articles, enlarged the time, and that the whole work was finished before the expiration of the enlarged time. Lord Kenyon said—"This point is so clear, that I am not inclined to grant a rule to shew cause. The declaration charges that the parties had stipulated by deed to perform a specific thing on a certain day; then if the plaintiff, who sues on contract, be not bound to prove it as laid, the defendant has no notice of that which he is called on to answer."

This brings us to the question, whether, if the plaintiff avers in his declaration the existence of the parol agreement as an excuse for the non performance of his covenant within the time, he can then be allowed to recover. If Lord Kenyon put the decision in Sittler against Holland on the true ground, that of surprise, then it would seem very clear, that where the proper averments were introduced, that objection would be obviated and the action sustainable. But I apprehend, that this was some of the grounds only—for he proceeds—"I remember an action being brought many years ago by Mr. Garrick, or one of the managers of the

theatre, against Barry for not performing his contract. It appeared on the trial, that the manager had given the defendant a *parol* license to be absent, but the articles, on which the action was founded, required such a license to be *in writing*, the court held that it could not be dispensed with, and that the parol agreement was no answer to the plaintiffs action; though perhaps the defendant had another remedy in a court of equity."

From this it would seem to have been the opinion of the Chief Justice, that a parol agreement could not be set up even by the defendant to vary the terms of a sealed instrument—a length to which the more modern cases have never gone.

The case of Langworthes and Clark against Smith (2 Wend 587) is decisive of this question, so far as the opinion of the New York courts can settle it. The action, in that case, was covenant, and the declaration alledged a contract under seal, by which the plaintiff covenanted to erect a certain bulk head in the East River, to be completed by a certain day, and further averred, as an excuse for non performance by the day specified in the covenant, an enlargement of the time by parol agreement. Savage C. J. said, "There can be no doubt that a parol enlargement of the time set in a sealed instrument for the performance of covenants is good; but there can be as little doubt, at this day, that where there is such enlargement of a condition precedent, the plaintiff loses his remedy upon the covenant itself, and must seek it upon the agreement enlarging the time of performance." The English cases, upon which the decision was rested, are the case of Sittler against Holland, above referred to, and the case of Brown v Goodman cited in 3 Term R. 592. The first case, as we have seen, does not entirely sustain the position of C. J. Savage. Brown and Goodman was an action on an arbitration bond, in which the time was limited for the arbitrator to make his award. The declaration averred, that the time was enlarged by mutual consent, and that the award was made within the enlarged time. On demurrer, Lord Kenyon said, the plain-

AUGUST TERM
1839.

Raymond vs
Fisher and
Hanson,

tiff had no remedy on the bond; by that, the defendant had bound himself to abide an award to be made within a given time, but that could never extend the penalty to an award made under a new agreement. In this case of Brown and Goodman, the true principle is disclosed, upon which all the New York cases must rest. The sealed contract cannot be made to embrace within the sanctity of its seal a subsequent parol agreement. If the party, by agreement choose to lose the higher security of a specialty by suffering a variation from its terms, he must abide by his diminished security. He can no longer declare on the sealed instrument, as containing the terms of the contract upon which he asks a recovery, because the proof, which he will have to offer, will exhibit a fatal variance from that contract. He cannot declare on the sealed instrument, and seek to remedy his fatal mistake by averring the subsequent parol agreement, because he then declares virtually on a covenant, which has no existence, a part of the essence of the covenant declared on being, in point of fact, a mere parol agreement. And this I take to be the true principle to be extracted from the cases.

It is obvious, that Lord Kenyon did not place the decision in Little v Holland on the true ground, when he placed it on the ground of *surprise*. If this were the only objection, it is clear that a replication could have obviated it, and if a replication could have set up the new contract in excuse, it is equally clear that no good reason exists, why the same matter should not be anticipated in the declaration. But the Court of New York in the case of Freeman v Adams (9 John R. 115) expressly adjudicated this point. In that case, the plaintiff declared upon an arbitration bond, and the defendant having pleaded that no arbitrament was made within the time, plaintiff replied, that, by a subsequent sealed agreement, the time had been enlarged &c.

The court said, "The case of Brown v Goodman is a solemn determination of the K. B. upon the very point, and and made after argument upon demurrer. By that decision a suit will not lie upon the bond. The party has another

C

remedy upon the submission implied in the agreement to enlarge the time.

If this decision be correct in relation to a new agreement under seal, it must apply, a fortiori, to one by parol, and I only refer to it, to show that the Court, in that case, did not for a moment conceive that the cases previously decided had gone on the ground of surprise, but upon the principle that the old agreement was virtually dissolved by the new, and although the new agreement and the old one were of the same dignity, the plaintiff must declare on the new agreement. Whether the decision in Freeman v Adams was well supported by authority or not, it goes clearly to shew the opinion, entertained by the New York court, of the grounds on which the case of Brown v Goodman and the cases in New York following that opinion, were based. It does not relate to the form of the action, as in the case now at bar, but to the particular contract which must be charged establishing, that the plaintiff must declare upon the new contract, that the new contract, whether under seal or not, is the one for a breach of which he wishes damages—and if the new, contract be under seal, he must of course declare in covenant, and if by parol, he must declare accordingly.

Whatever doubts may be entertained as to the extent to which the authorities both in England and this country have gone on this subject, and as to the weight which these authorities may deserve, it is at least admitted that authority can be found sustaining such a declaration as was demurred to in this action. The case of Warren v Stagg, cited in the argument of counsel in Littler v Holland, (3 T. R. 581,) is the only case which seems at all to countenance the form of action assumed in this case. In that case, if correctly reported, there were no averments of the parol agreement for an extension of the time and justice Buller allowed the parol agreement to be given in evidence. But that opinion is overruled by Lord Kenyon in the case of Littler v Holland, where it was cited, and is unsupported by any subsequent decision. Nor would it, if sound law, be entirely apposite to this case, for that was an action of assumpsit,

and the special contract, the breach of which was complained of, was not under seal.

The current of authorities is therefore clearly for sustaining the demurrer, and the principle and reason of the law, as I conceive are equally decisive. If it be desirable that the forms of actions should be preserved, and the rules of pleading are, worthy of attention, it is impossible to allow a plaintiff to declare in covenant on a contract, an essential part of which is not under seal. It is confounding the well established distinctions between contracts and the actions resulting from these distinctions. It is, in effect, subverting all the landmarks by which sealed and unsealed instruments have hitherto been distinguished, and allowing a party to make of equal validity, that which was executed under the solemnity of a sealed writing, and that which was agreed upon in the parol conversation of the contracting parties. Judgment affirmed.

An action of covenant cannot be sustained on a contract modified by a subsequent parol agreement,

Judge McGirk Dissenting.

Kirtley and Todd for Plaintiff.

"The plaintiff contends that a covenant, although the time of performance has been enlarged by parol, must nevertheless be sued upon, and such agreement is a sufficient excuse for the non performance of a condition precedent in the time specified in the covenant, if performance or an excuse therefor is alledged under the parol agreement.

No principle is better settled than this.—"A subsequent parol agreement, not contradicting the terms of the original contract but merely in continuance thereof, and in dispensation of the performance of its terms, as in prolongation of the time of execution, is good, even in the case of a contract reduced into writing under the statute of frauds." Chitty on Con. 26, 3 T. R. 591, 4 Mo Rep. 41, and 481, 1 J. C. 22, 2 Condensed Rep. 501, 4 J. Rep. 41, 481.

And it is contended for plaintiff that the same rule holds in contracts under seal, and that there is no legal ground of distinction. See 3, Johns Rep. 528. 2 Call. 5, 125, 9 Pick, 298, 20 John, 462, 8 John 391, and that, in this case, the higher security for the contract being a covenant, the plain-

AUGUST TERM tiff is bound to sue thereon, 4 Cranch 239, 3 Mo. Rep.
1839.        230-3."

Raymond          Rollins and Miller for defendants.
vs,              "The only question in this case is whether a completion
Fisher &    and delivery on November 15, 1838, can be so substituted
Hanson,     for a completion and delivery on November 1, 1838, as to
enable the plaintiff to recover upon the article of agreement
in the action of covenant.

It is relied on that this cannot be; and to sustain the posi-
tion thus taken the following authorities are cited; 3 starkie
Evi. 1002; Leslie vs Dr. L. Lorre cited in White v Parkin,
12 East 583; Caff vs Penn, 1 M. and S. 27; Davy vs Pender-
grass 2 Chit. Rep. 336; Thompson vs Brown, 7 Taunton 656;
Blanerhasset vs Pierson (3 Len 234) cited in 7 Taunton 652;
Heard vs Wadham 1 East 619; Littler vs Holland 3 T. R.
590, and Brown vs Goodman in note to same case Freeman
vs Adams 9 J. R. 115, Jewell v Schroppel, 4 Cowen 564;
Langworth and Clark vs Smith, 2 Mend, 587 Stutivell v
Miles 2 Marsh, 425. Harrison vs Taylor, 3 Marshall 154.
Tidds practice 756; Chitty 116, and 96."