OF THE

# SUPREME COURT OF MISSOURI,

AT

## JANUARY TERM, 1844.

8 339
97 398
8 339
109 291
8 339
58a 43
8 339
168 5 74
8 339
95a 2626
98a 3 18

## WILLIAMS *vs.* VANMETER.

1. In an action for a malicious prosecution, in causing the plaintiff to be arrested as a vagrant, the warrant upon which the arrest was made did not sufficiently describe the offence. Yet, as it appeared that the warrant was intended to arrest the plaintiff, for the offence charged by the defendant, it was properly admitted in evidence.

2. Although an instruction may assert a correct legal principle, yet, if the same principle has been announced to the jury in other instructions, the court is not bound to give such instruction.

3. In an action for malicious prosecution, the bare acquittal of the plaintiff is not sufficient evidence of the want of probable cause.

4. When instructions are given, although taken separately, each might be exceptionable; yet if, taken together as a whole, they contain a correct exposition of the law of the case, the judgment will not be reversed.

5. In an action for a malicious prosecution, the defendant may show that, in good faith, and upon a full representation of all the facts, he was advised by counsel that a prosecution was warranted, but he will not be permitted to show that he was advised by any other than counsel, as by the justice who issued the warrant.

ERROR to Cooper Circuit Court.

LEONARD, RICHARDSON *and* ADAMS, *for Plaintiff.*

1. There was a manifest variance between the warrant produced in evidence and the one set forth and described in the declaration, and the warrant, therefore, ought to have been excluded from the jury.

2. Where a party introduces evidence of the conversations of his adversary, he makes the whole conversation evidence.——See Carver *vs.* Tracy, 3 Johns. Rep., 427; Fenner *vs.* Lewis, 10 Johns. Rep., 38; Credit *vs.* Brown, 10 Johns. Rep., 365; Wailing *vs.* Toll, 9 Johns. Rep., 141; 7 Mo. Rep., 348.

3. It devolved on the plaintiff to prove both malice and the want of probable cause, and the court erred in refusing an instruction to that effect.— 2 Starkie; 6 Mo. Rep., 42; 2 Tucker's Com., 64; 4 Bur., 1971.

4. The court had no right to instruct the jury that the acquittal of the plaintiff was presumptive evidence of the want of probable cause.— 2 Starkie, 682, and note G; 19 Cond. Eng. Com. Law Rep., 47.; 22 Eng. Cond. Com. Law Rep., 56 and 195.

HAYDEN *and* MILLER, *for Defendant.*

1. The court very properly overruled the motion of defendant to strike out the second count.— See 2 Chitty, 610, and note (*d.*); Digest of 1835, p. 463, sec. 17.

2. The court very properly excluded the testimony offered by defendant, as to what witness or others may have said to defendant.— See 1 Starkie, 60, 61.

3. The court properly overruled the objection to the introduction of the writ and justices' docket, offered by plaintiff in evidence.— See 4 Bibb, 209.

4. The court properly gave instructions asked by plaintiff, and overruled those asked by defendant.

5. The court properly overruled the motions for a new trial, and in arrest of judgment.

SCOTT, J., *delivered the opinion of the Court.*

This was an action for a malicious prosecution, instituted by Vanmeter against Williams, in which Vanmeter had a verdict and judgment.

It is deemed unnecessary to set out the various counts in the declaration, as the point made by the defendant below, (Williams) in relation to the refusal of the court to strike out the second count, was abandoned on the argument of the cause.

On the trial in the court below, the plaintiff offered in evidence a warrant issued by J. N. Laurie, a justice of the peace, directed to the constable of Boonville city, reciting, that whereas information, on oath, had been given to him by F. A. Williams, that Robert Vanmeter, an able-bodied man, who, not having wherewithal to support himself, is found loitering about, and commanding him to take the body of the said Vanmeter, and bring him before the justice, to be dealt with according to law.

The said Laurie was then introduced as a witness, who testified, that Williams, at the time the warrant was issued, asked him if he had ever examined the vagrant law? to which the witness answered, he had not; that witness and Williams then examined the statute relative to vagrancy, and Williams inquired of the witness what he thought of the plaintiff, Vanmeter, and if he was not subject to said law? Witness answered said enquiry, but the court would not permit the witness to state what his answer was, to which the counsel for the defendant excepted.

The witness then testified, that after he had returned an answer to Williams' question, Williams put his finger on the first section of the vagrant act, and observed, "I give the information."

At the instance of the plaintiff below, the court gave the following instructions:

1. That if the jury believe, from the evidence, that the prosecution by defendant of the plaintiff was without probable cause, then they may infer that the prosecution was malicious, and if they so find the facts, they ought to find for the plaintiff.

2. That the discharge of the plaintiff, by the examining magistrate, is presumptive evidence of want of probable cause.

To these instructions the defendant excepted.

The defendant then asked the following instructions:—

1. That unless the jury believe that the defendant was instigated by malice, and also, that there was no probable cause for the prosecution, that then they must find for the defendant.

2. That in this case it is not necessary to prove that the plaintiff was a vagrant, and if there was any probable cause for the prosecution, they must find for the defendant.

3. That is is incumbent upon the plaintiff to prove both malice in the defendant, and a want of probable cause for the prosecution.

4. That the acquittal of the plaintiff, by the justice of the peace, is not sufficient in itself to show the want of probable cause.

The court gave all these instructions but the third, the refusal to give which was excepted to by the defendant.

The first point made by the defendant was, that the court erred in admitting the warrant in evidence, as there was a variance between it and the declaration.

The declaration alleges, that the defendant falsely and maliciously, and without any probable cause, charged the plaintiff with a certain offence punishable by law, to wit, vagrancy. It is not denied but that the allegation in the declaration is sufficient. But because the offence is not legally set forth in the warrant, therefore it is urged, that it should have been rejected as evidence. It is not perceived on what ground this exception is founded. The conduct of the defendant gives the cause of action; he lodges the information with the officer issuing the process; and because that officer commits an error, and insufficiently describes the offence in his warrant, is his conduct thereby palliated or justified? The injury to the accused is the same whether the warrant is legal or illegal. The defendant is the cause of the prosecution, and will he be heard to say, that although he did all he could in furtherance of it, yet as the officer erred in describing the offence for which the prosecution was instituted, is he therefore excused? If an information of one offence was given, and a warrant issued for another offence entirely different, and a suit was instituted for a malicious prosecution of the offence described in the warrant, it would fail, as it would not appear that the prosecutor had given the information which caused the issuing of the process. But that is not this case. It sufficiently appears that the warrant was intended to arrest the plaintiff for the offence communicated by the defendant, and because it is not legally set forth, it cannot avail him.—Miller *vs.* Brown, 3 Mo. Rep.

The refusal of the court to give the third instruction asked by the defendant is also assigned for error. It cannot be denied but that instruction asserted a correct legal principle. In an action for a malicious prosecution, the plaintiff must show

a want of probable cause, and malice either express or implied, in the defendant. Malice may be inferred from the want of probable cause, but the want of probable cause cannot be inferred from malice, however rancorous. The instruction might have been given, but inasmuch as the principle it asserted had been announced to the jury as law in two previous instructions, the court was under no obligation to declare it a third time.

It was contended by the defendant, that the second instruction given at the instance of the plaintiff was erroneous, inasmuch as it conveyed the idea that the bare acquittal of the plaintiff by the justice was evidence from which the jury might infer a want of probable cause. It cannot be maintained that, in an action for a malicious prosecution, proof that the defendant instigated it, and a production of the record of acquittal, will entitle the plaintiff to a verdict. However, but slight evidence of the want of probable cause is exacted of the plaintiff, as it involves a negative; but we are not aware that the bare production of the judgment of acquittal has ever been held sufficient for that purpose. The acquittal, together with the circumstances under which it was effected, may be sufficient, as in the case put, where, upon the calling of the cause, the prosecutor, who was in court, absented himself. It was left to the jury to infer the motives of his withdrawal, and they were charged, that they might infer the want of probable cause from such conduct. An acquittal is evidence of the want of probable cause to go to the jury, but of itself, and unaccompanied with any circumstances, would not be sufficient.

When instructions are given by the court, although taken separately, each might be exceptionable; yet if, taken together as a whole, they contain a correct exposition of the law of the case, the judgment will not be reversed. Whatever objection might have been urged to the instruction complained of, and although of itself it might have conveyed an erroneous idea of the law, yet, taken in connexion with the fourth instruction given at the instance of the defendant, the ground of complaint is removed. The two instructions were not contradictory, but, taken together, they furnished a correct exposition of the law.

The judgment of the court below is also sought to be reversed, because the court refused, as evidence, the answer given by the justice to the inquiry of the defendant, what he (the justice) thought of Vanmeter, and if he was not subject to the vagrant law? It is contended, that the answer of the witness should have been received as explanatory of what was afterwards said by the defendant. Courts cannot be too cautious in receiving testimony irrelevant in itself, and of a character to bias or mislead the jury. But however important a rigid observance of this caution may be, it cannot be carried so far as to prevent a full disclosure of whatever may be necessary to explain declarations or acts, the subject of judicial inquiry. If testimony, otherwise inadmissible, is offered for this purpose, it should be received with a direction by the court to the jury of the object of its introduction, and a charge that it is inadmissible for other purposes in the cause. In the case of Hawkins *vs.* The State, 7 Mo. Rep., it was held, that the questions asked by a negro of a white person were admissible in evidence, in order to a correct understanding of the answers. The questions were not regarded as hearsay

evidence, but as facts, as a part of the *res gestæ*, and being proved by competent evidence to have been proposed, were properly admitted. It has been remarked, that the circumstances surrounding a principal fact under consideration, termed the *res gestæ*, may always be shown to the jury along with such fact; and their admissibility is determined by the judge, according to the degree of their relation to that fact, and in the exercise of his sound discretion, it being extremely difficult, if not impossible, to bring this class of cases within the limits of a more particular discription. The principal points of attention are, whether the circumstances and declarations offered in evidence were contemporaneous with the main fact under consideration, and whether they were so connected with it as to illustrate its character. Thus, in the trial of Lord George Gordon, for treason, the cry of the mob who accompanied the prisoner in his enterprise, was received in evidence as forming a part of the *res gestæ*, and showing the character of the principal facts. So, where a person enters into land for any purpose, or changes his actual residence, or is upon a journey, or leaves his home or returns thither, or remains abroad, or secretes himself, or, in fine, does any other act material to be understood, his declarations made at the time of the transaction and expressive of its character, motive, or object, are regarded as verbal acts indicating a present purpose and intention, and are therefore admissible in proof-like any other material facts: they are parts of the *res gestæ*. (Greenleaf, 120.) It is easy to conceive, that, in numberless instances, the answers and replies of one in conversation with another cannot be understood without showing the declarations and remarks which elicited the answers. We are of the opinion that the court might have received the reply of the justice in evidence, not as hearsay, but as part of the *res gestæ*, and as explanatory of what followed, with a direction to the jury of the purpose for which it was admitted. But if we view the matter in a light most favorable to the defendant, and take it for granted that an answer most calculated to instigate him to give the information which he afterwards lodged against the plaintiff was made by the justice, yet the judgment will not be reversed, as any inducements, however strong, held out by the justice to the defendant, to institute the prosecution, were inadmissible to disprove malice or in mitigation of damages. It has been held, that in a prosecution for a malicious arrest, it may be given in evidence that the party acted under the advice of counsel. In analogy to that case, the defendant, in actions like this, would probably be permitted to show, that in good faith, and upon a full representation of all the facts, he was advised by counsel that a prosecution was warranted. But to permit the counsel of those whose capacity we have no means of judging, and who owe no responsibility to the courts to be received as evidence, would lead to collusion, and furnish a ready defence in all actions like the present. As this evidence was inadmissible to disprove malice, it could not be received in mitigation of damages, as it could only produce that effect by showing a want of malice.

Judgment affirmed.