SEBASTIAN SAPPINGTON, Respondent, *v.* WESTLEY WATSON, Appellant.

1. *Actions for malicious prosecution — Advice of counsel — Communications with — Statements.* — In an action for malicious prosecution, defendant, in order to shield himself on the ground that he obtained the advice of counsel learned in the law, must show in evidence that he stated to counsel all the facts bearing on the guilt or innocence of defendant in that prosecution, which he knew or by reasonable diligence could have found out. (Hill v. Palm, 38 Mo. 13.)

2. *Malicious prosecution — Discharge of accused — Malice — Probable cause.* — To support an action for malicious prosecution, it must appear affirmatively that the prosecution was instituted willfully, falsely and maliciously, and without probable cause.

The discharge of the accused by the examining magistrate, or the ignoring of the indictment by the grand jury, are evidence going to show the want of probable cause. And from this fact, also, malice might be inferred.

*Appeal from St. Louis Circuit Court.*

*Samuel Knox* and *Jacob Klein*, for appellant.

*Lackland, Martin & Lackland*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

In the trial of this case several objections were taken to the ruling of the court on the admissibility of evidence, but on looking into the record we find that the objections were mostly of a general nature without specifying any reasons therefor, and we are satisfied that no material errors were committed. The only matter worthy of any consideration is the action of the court in giving and refusing instructions. The action was for malicious prosecution in causing the arrest of the plaintiff upon a charge of misdemeanor. It appears from the record that the plaintiff and others were members of a township board of education in St. Louis county, and that defendant, previous to the arrest, claimed that they had failed to comply with the law, which required that they should make and prescribe certain rules and regulations for the guidance of the local school directors, and also establish a separate school for colored children. For this alleged failure the defendant consulted counsel, who, upon his statement of facts,

advised him that the board were liable to prosecution for an official misdemeanor, and an affidavit was then drawn up which the defendant swore to; and the members of the board were all arrested, gave bond for their appearance in court, and upon a hearing were discharged.

The question of malice and want of probable cause were directly put in issue, and the jury found a verdict for the plaintiff. The court gave two instructions for the plaintiff, and refused several which were asked for by the defendant.

The first instruction given told the jury that in order to enable the defendant to shield himself on the ground that he obtained the advice of counsel learned in the law, it must appear in evidence that he stated to said counsel all the facts bearing on the guilt or innocence of the defendant, which he knew or by reasonable diligence could have found out. This instruction is unexceptionable and drawn up in the very language used by this court in Hill v. Palm, 38 Mo. 13. .

The second instruction was to the effect that if the jury believed from the evidence that the defendant willfully, maliciously, and without probable cause, did swear to and make affidavit and information in the St. Louis Court of Criminal Correction, and did willfully, falsely and maliciously, and without any probable cause, charge the plaintiff, with other persons, with having committed an offense and a misdemeanor, and did willfully, falsely and maliciously, and without any probable cause, procure and cause the arrest of plaintiff upon said warrant, and did thereby require and compel plaintiff to give bond for his appearance to answer said alleged offense, and that plaintiff was, in accordance with the conditions of the bond, compelled to appear in the said court, and that he did appear and was discharged, then the jury should find for the plaintiff.

It seems to me that this instruction was sufficiently broad and comprehensive, and covered the whole case. It required the plaintiff affirmatively to make out his case to show that the prosecution was instituted willfully, falsely and maliciously, and without any probable cause, before a verdict could be had against the defendant.

In Casperson v. Sproule, 39 Mo. 39, it was held that to support an action for malicious prosecution, it must appear affirmatively that the defendant was instigated by malice, and that he had no probable cause for the prosecution; that malice might be inferred from the want of probable cause, but that the want of probable cause could not be inferred from proof of malice; and that, where the accused was discharged by the examining magistrate, or the indictment was ignored by the grand jury, it was evidence to show the want of probable cause.

It was again said in Callahan v. Cafferata, 39 Mo. 136, that in an action for malicious prosecution the jury were authorized to infer the existence of malice from the want of probable cause. The discharge of the plaintiff by the committing magistrate was evidence going to show the want of probable cause, and from that also malice might be inferred. The question, we think, was properly and fairly presented to the jury, and it was for them to determine the facts. We see no reason for disturbing the verdict because the court refused to give defendant's instructions. Some of them we think were erroneous and the others were unnecessary, for the law applicable to the case had already been given.

I am of the opinion that the judgment should be affirmed. Judge Adams concurs.