GALEN E. CHRISTIAN, Respondent, v. F. R. HANNA, Appellant.

Kansas City Court of Appeals, April 30, 1894.

1. **Malicious Prosecution:** BURDEN OF PROOF. In an action for malicious prosecution the burden of proof is upon the plaintiff to show affirmatively that the prosecution of which complaint is made was commenced without probable cause, willfully, falsely and maliciously. Want of probable cause and malice must co-exist.

2. ———: PROBABLE CAUSE. The probable cause which will relieve a prosecutor is a belief in the guilt of the accused based upon circumstances sufficiently strong to induce such belief in the mind of a reasonably cautious person.

Christian v. Hanna.

3. ——: MALICE.  Malice is a condition of the mind; and a prosecution is malicious when actuated by hostile, angry or vindictive motives or with a knowledge that it is without legal justification.  A guilty mind, and not the act, makes the prosecutor liable.

4. ——: ——: EVIDENCE: PROBABLE CAUSE.  Malice may be shown to exist by direct proof, or it may be inferred from other facts proved, as want of probable cause, but it can not be deduced as an inference of law from want of probable cause.

5. ——: PROBABLE CAUSE: DISCHARGE.  A discharge by a committing magistrate is very persuasive evidence that the prosecution was without probable cause.  *Boeger v. Langenberg.* 97 Mo. 397, discussed and compared.

6. ——: ——: ACQUITTAL: EVIDENCE.  A verdict of acquittal is competent evidence on the question of probable cause, but its production is not *per se* sufficient to originate an inference of want of probable cause.

7. ——: ——: ACQUITTAL: FACTS.  Plaintiff introduced the verdict of his acquittal, but the court *holds* on the other facts in evidence, to wit:  That defendant had been missing coal from his cars and directed an employee to look out for it, and some time afterwards the employee informed plaintiff that he had seen defendant taking a load of coal from one of his cars, which car turned out to be short about one ton,—that there was not a want of probable cause.

8. ——: ——: DILIGENCE.  When the owner of property is informed from reliable source that his property has been stolen, and is shown the thief with the property in his possession, he is not required to make inquiry into his character and antecedents before he sets on foot a criminal prosecution, and in this case the contention that the defendant did not use reasonable diligence in learning all the facts is disallowed.

9. ——: ——: SUBSEQUENT INFORMATION.  *Held,* information received by defendant subsequent to the institution of the prosecution in this case, is not sufficient to render the continuance of the prosecution without probable cause.

10. ——: EVIDENCE: SUBSEQUENT DECLARATIONS.  In an action for malicious prosecution declarations of the prosecutor are frequently admitted in evidence to show his previous *animus* and to characterize his motive.

11. ——: PROBABLE CAUSE: COMMENCEMENT AND CONTINUANCE.  If the plaintiff in an action for malicious prosecution shows the prosecution was either commenced or continued without a sufficient cause it will be sufficient to sustain the action.

Christian v. Hanna.

12. ———: ———: EVIDENCE: MALICE. The conversation between plaintiff and defendant after the institution of the criminal prosecution is *held* in this case to be inadmissible, since, if it had a tendency to prove malice, it had none to prove want of probable cause, and an inference of want of probable cause can not be drawn from proof of malice.

13. ———: ———: DISCLOSURE OF FACTS. *Held,* on the evidence, that defendant did not omit to disclose to the prosecuting officer any fact known to him bearing on plaintiff's guilt or innocence nor was he negligent or reckless or prompted by bad motive.

14. ———: ———: LAW AND FACT. The question of probable cause is composed of law and fact,—the jury to determine the truth of the facts and the court whether they amount to probable cause; where the facts are undisputed, it is a pure question of law; and in this case the court *holds* there was no want of probable cause for the prosecution.

*Appeal from the Buchanan Circuit Court.*—Hon. Henry M. Ramey, Judge.

Reversed.

*Brown & Imel* for appellant.

(1) The burden is upon the plaintiff to show affirmatively that the prosecution of which he complains was instituted willfully, falsely and maliciously, and without probable cause. *Sappington v. Watson,* 50 Mo. 83; *Sharpe v. Johnston,* 59 Mo. 557; *White v. Shradski,* 39 Mo. App. 635. (2) The want of probable cause is the essential ground of the action. Other things may be inferred from this. But this can not be inferred from anything else. It must be established by positive and express proof. *Stone v. Crocker,* 24 Pick. 81, 84; see, also, cases cited, 14 Am. and Eng. Encyclopedia of Law, p. 64, note 4. The fact that the accused proves himself not guilty has no tendency to establish want of probable cause. The evidence must be inconsistent with the theory that the defendant honestly believed and had good reason to believe that the plain-

tiff was guilty. *Legallee v. Blaisdell,* 134 Mass. 473; *Morton v. Young,* 55 Mo. 24; *Calef v. Thomas,* 81 Ill. 478; *Hamilton v. Smith,* 39 Mich. 222. (3) When the facts are undisputed, the want of probable cause resolves itself into a pure question of law. *Stone v. Crocker, supra.* In determining whether or not there was probable cause for the criminal prosecution, the question "is not whether there was, in fact, sufficient cause for the prosecution (for the acquittal shows there was not), but whether the prosecutor, as a reasonable man, believed there was." In other words, it is not the case which existed, but the case presented to the mind of the prosecutor which is the subject of inquiry. *Vansickle v. Brown,* 68 Mo. 627; *Hill v. Palm,* 38 Mo. 13; *Merkle v. Ottensmeyer,* 50 Mo. 49; *Boeger v. Langenberg,* 97 Mo. 390. And unlike a discharge by a committing magistrate, the acquittal of a party charged with a criminal offense at a trial does not tend to show a want of probable cause for his prosecution. *Boeger v. Langenberg, supra.* Upon the principles above stated there is no evidence in this case of want of probable cause for the criminal prosecution. (4) While malice may be inferred from the facts which go to establish a want of probable cause, it is not in any case a legal inference, nor is it a necessary inference, nor, in some cases, even an admissible inference. *McGarry v. Railroad,* 36 Mo. App. 340.

*Sherwood & Allen* for respondent.

(1) Probable cause is an honest belief in the guilt of the accused, induced by such facts and circumstances as would cause a reasonable, cautious and prudent man to have such belief. *McGarry v. Railroad,* 36 Mo. App. 352; *Boeger v. Langenberg,* 97 Mo. 390. (2) And the criminal charge preferred without learning all

the facts that might have been learned by reasonable diligence which would exonerate the accused will not amount to probable cause; and belief, alone, will not do. *Sparling v. Conway*, 75 Mo. 510; *Hill v. Palm*, 38 Mo. 21; *Boyd v. Mendenhall et al.*, 55 N. W. Rep. 45; *McIntire v. Levering*, 148 Mass. 546; *Boyd v. Mendenhall, supra; Finley v. St. L. Refrig., etc.*, 99 Mo. 560; *Hirsch v. Freenay*, 83 Ill. 552; *Neufeld et al. v. Rodeminske*, 32 N. E. Rep. 91; *Fugate v. Miller, supra; Finley v. St. L. Refrig., etc., supra.* (3) Malice is inferable from want of probable cause. It is not an inference of law, but an inference of fact. It is a circumstance that is reasonably deducible from want of probable cause. And defendant's subsequent conduct relates back and is strong evidence both of malice and want of probable cause. *Sharpe v. Johnson, supra; Fugate v. Miller, supra; Kennedy v. Holladay*, 25 Mo. App. (pt. 3) 512; *Hirsch v. Freenay, supra; Finley v. St. L. Refrig., etc., supra.* (4) Neither can defendant Hanna hide behind what was said to him by the prosecuting attorney. The evidence tends to show: *First.* That the prosecution of the plaintiff was a previous fixed purpose on the part of said defendant Hanna. *Sparling v. Conway, supra; Boyd v. Mendenhall, supra; Pipkin v. Haucke*, 15 Mo. App. 373; *Hill v. Palm, supra. Second.* That said defendant did not communicate to the prosecuting attorney all the facts within his knowledge, or that might have become his knowledge upon such inquiry as the law demanded of him. *Pipkin v. Haucke, supra; Hill v. Palm, supra; McIntire v. Levering, supra; Boyd v. Mendenhall, supra. Third.* That said prosecution was for a selfish purpose. *Neufeld v. Rodeminski, supra.* (5) The court and jury saw and heard this cause in all of its phases as it progressed in their presence. The evidence was heard and weighed, and the credibility of the witnesses passed on

by the jury. There is ample evidence from which the jury could infer both want of probable cause and malice, and if such inference may arise the appellate court will not interfere with the finding of the triers of the facts. *Wolf v. Campbell*, 110 Mo. 114; *Craig v. Kelly*, 49 Mo. App. 312; *Soeder v. Railroad*, 100 Mo. 681; *Poe v. Stockton*, 47 Mo. App. 635. No error against defendant was committed prejudicial to him. Neither has defendant shown an error. *Crow v. Stevens*, 44 Mo. App. 137; *Palmer v. Shenkel*, 50 Mo. App. 571; *Matson v. Fraizer*, 48 Mo. App. 302; *Calvert v. Bates*, 44 Mo. App. 626.

SMITH, P. J.—This is an action to recover damages for an alleged malicious prosecution. There was a trial in the circuit court, which resulted in judgment for plaintiff for $500, and from which defendant has appealed. The defendant, by his motion for a new trial in that court, urged, as grounds therefor, that, under the pleadings and evidence, the verdict should have been for the defendant; which said grounds of objection defendant has renewed here. We are, therefore, obliged to examine the evidence in the record before us, in order to intelligibly rule upon the defendant's objection; but, before doing so, it may not be out of place to make a brief reference to some of the leading principles of law which are applicable to cases of this kind.

The burden of proof is upon the plaintiff to show affirmatively that the prosecution of which complaint is made was commenced without probable cause, willfully, falsely and maliciously. *Sappington v. Watson*, 50 Mo. 83; *Sharpe v. Johnston*, 59 Mo. 557.

The elements of want of probable cause and malice are both essentials, and without their coexistence the action can not be sustained. The want of probable

cause sufficient to sustain the plaintiff's action is so much a matter of fact in each individual case as to render it quite impossible to state any general rule on the subject. The reasonable cause which will relieve a prosecutor from liability is a belief by him in the guilt of the accused, based upon circumstances sufficiently strong to induce such belief in the mind of a reasonable and cautious person. *Vansickle v. Brown*, 68 Mo. 627; *McGarry v. Railroad*, 36 Mo. App. 340; *Sharpe v. Johnston*, 76 Mo. 660. It must be something more than bare suspicion or surmise. There ought to be enough to satisfy a reasonable man that the accuser had no ground for the prosecution but his desire to injure the accused, or that the prosecution was set on foot by any motive other than that for bringing a guilty person to justice.

Malice is a condition of mind. A prosecution may be said to be malicious when actuated by hostile, angry or vindictive motives, or is intentionally commenced or carried on with a knowledge that it is without legal justification or foundation. *McGarry v. Railroad, supra*. A bad intent is an essential ingredient for *"actus non facet reum nisi mens sit rea."* So malice, being a condition of mind, may be shown to exist by direct proof, like any other fact, or it may be inferred from other facts proved. It may be inferred from want of probable cause. *Hickman v. Griffin*, 6 Mo. 31; *Williams v. Vanmeter*, 8 Mo. 339; *Cusperson v. Sproule*, 36 Mo. 39; *Sappington v. Watson*, 50 Mo. 83; *Sharpe v. Johnston*, 59 Mo. 575; 76 Mo. 660. It will be seen that, according to these authorities, malice may be inferred from the facts that go to establish want of probable cause; but it can not be deduced as an inference of law from want of probable cause.

A discharge by a committing magistrate is very persuasive evidence that a prosecution was without

probable cause. *Brant v. Higgins*, 10 Mo. 728; *Sharpe v. Johnston*, 59 Mo. 557. In *Boeger v. Langenborg*, 97 Mo. *loc. cit.* 397, it is stated that an acquittal does not tend to establish want of probable cause. In support of this statement of the law, a reference is made to *Williams v. Vanmeter*, 8 Mo. 339, but an examination of that case will show that the question there decided was, whether the 'discharge of an examining magistrate was presumptive evidence of want of probable cause, and it was held that it was not such evidence. Judge SCOTT, who delivered the opinion, states the rule to be that "an acquittal is evidence of want of probable cause to go to the jury, but, of itself, and unaccompanied with any circumstances, would not be sufficient. So in Townsend on Slander; section 426, referred in *Boeger v. Langenberg, supra*, it is stated that an acquittal *alone* is not evidence of the want of probable cause. So that we must think that what was intended to be said in *Boeger v. Langenberg* was that an acquittal without more was insufficient to justify the inference of want of probable cause; or, in other words, that, while the production of the record of an acquittal is evidence of the want of probable cause, that, standing alone and without other circumstances being shown, it is not sufficient to authorize the inference of want of probable cause. In *Brant v. Higgins*, 10 Mo. *loc. cit.* 734, it was stated by Judge NAPTON, who delivered the opinion in the case, "the verdict of a jury upon the trial of a civil action is essentially different from the discharge of a supposed criminal by the examining magistrate or upon a bill of indictment ignored by the grand jury: Even in a criminal proceeding, the final acquittal of the accused can have but little weight as evidence of probable cause compared with an acquittal or discharge before the magistrate or grand jury. The magistrate and grand jury have the

Christian v. Hanna.

very question of probable cause to try; the evidence on the side of the prosecution is alone examined and the proceeding is entirely *ex parte*. Under such circumstances the refusal of the examining tribunal to hold the accused over to trial must necessarily be very persuasive evidence that the prosecution is groundless. But this would not be the case with a verdict of acquittal, after a full investigation of the case and an examination of the testimony on both sides. * * * The verdict for the defendant is competent evidence, but its weight must necessarily depend upon the circumstances attending the trial and the manner in which it was rendered." The production, therefore, of a verdict of acqittal is not *per se* sufficient to originate the inference of want of probable cause.

Since the plaintiff, to maintain the issue in his behalf, produced before the jury at the trial the verdict of acquittal on an information for *petit* larceny, it remains for us in passing upon the defendant's objection to the verdict against him already stated, to determine whether there was substantial evidence adduced tending to establish other facts and circumstances which were sufficient to justify the jury in finding the affirmative of the negative though fundamental proposition of plaintiff's case, namely, the want of probable cause. By recurring to the evidence which is undisputed we find that it tends to establish about these facts: A large amount of coal stealing had been going on in the railroad yards, and defendant Hanna had directed Black, his employee, to look out for it. Black informed defendant that he had just seen a man taking a load of coal from one of his cars, number 1934. Defendant immediately started for the spot, and Black showed him the plaintiff, leaving the yard with a load of coal, as being the man who had taken his load from car 1934. That car was short about a ton. Defendant

followed plaintiff home, and ascertained his name, and that information resulted in the prosecution of plaintiff. Were not these circumstances sufficiently strong to have induced the belief in the mind of a reasonably cautious person that the plaintiff was guilty of larceny? Were they not sufficient to induce a sober, sensible and decent person to act upon them (*Vansickle v. Brown, supra*)? And if so, as we must think was the case, then there was not a want of probable cause for the prosecution.

But the plaintiff contends that the defendant caused the criminal charge to be preferred against plaintiff without learning all the facts that he might have learned by a reasonable diligence, and, therefore, he acted without probable cause. In support of this contention he cites a number of authorities, but the facts in none of them are similar to those here. The plaintiff was a stranger to defendant. The former had no known or established reputation in the community. The defendant knew no one who was acquainted with him, nor anyone to whom he could apply for information respecting plaintiff, except plaintiff himself. When the owner of property is informed by one upon whose information he has a right to rely that his property has been stolen and shows him the thief with the property in his possession, must he first institute an inquiry into the character and antecedents of the thief before he attempts to set on foot a criminal prosecution? We do not think the law imposes in such case any such condition precedent. In some cases there may be facts and circumstances in respect to an accused person or in connection with the offense which he is believed to have committed so easily accessible that an ordinarily cautious person would make inquiry in respect to them before jumping at the conclusion that a criminal offense had been committed, but we have no such case here.

We can not condemn the conduct of the defendant as showing a reckless disregard of the rights of the plaintiff.

But the plaintiff contends that even if the defendant had probable and reasonable cause to take part in causing the prosecution to be commenced that the plaintiff after his arrest lodged with defendant such facts and circumstances in respect to the coal, the subject of the supposed larceny, as that the subsequent carrying on of the prosecution was without justification or excuse. It appears that sixteen days after that on which defendant was informed plaintiff had hauled away the load of the former's coal, the plaintiff and one Rose went to see defendant when Rose informed the defendant that the load of coal in question was the property of one Hopkins, whose employee he was, and that he had sold the same without weighing by guessing it off to plaintiff out of a car load belonging to his employer, and that plaintiff had paid therefor; that he was not an agent for Hopkins but was allowed to sell coal; that he did not report the sale to Hopkins until that day which was sixteen days after the arrest of plaintiff; that plaintiff asked defendant to dismiss the prosecution and that the latter declined to do so, saying he had nothing to do with the matter. He said that people had been stealing from him and that he intended to send "them over the road if he could catch them."

The rule is well settled that in actions of this kind subsequent declarations of the defendant are frequently admitted in evidence as tending to show his previous *animus* against the plaintiff and to characterize the motive with which the act was done. *Kennedy v. Holladay*, 25 Mo. App. 503. If a plaintiff proves that the prosecution was commenced without probable cause to maintain the action, he is not required to further show

by evidence that it was commenced and continued maliciously. If he shows either one or the other it will be sufficient to sustain the action and this is all that is decided in *Finley v. Refrigerator Co.*, 99 Mo. 559, cited by plaintiff. It is thus seen that the interview between the plaintiff and defendant just referred to, if admissible for any purpose, it was only to show malice. But we can not discover that it has that tendency, or if so, only in a very slight degree. The defendant undoubtedly had probable cause to believe the plaintiff had committed the offense for which he was arrested. The representations made to him by plaintiff and Rose, neither of whom did he know, nor was the character of either of them for honesty avouched for by anyone, if disbelieved by him under these circumstances, would hardly be regarded as sufficient to warrant the inference of malice, if the prosecution was not discontinued at that point. But even if this evidence had a tendency to prove malice, which may be well doubted, it had not to prove want of probable cause. No inference of want of probable cause can be drawn from proof of malice, as the authorities previously stated abundantly show. *Casperson v. Sproule*, 39 Mo. 40.

We can not discover that the defendant omitted to disclose to the prosecuting officer for the state any fact known to him bearing on the question of the guilt or innocence of the plaintiff, or that he was negligent or reckless in that regard, or that he was prompted by any bad motive in taking the part he did in causing the prosecution to be instituted.

The question of probable cause is composed of law and fact, it being the province of the jury to determine whether the circumstances alleged are true or not, and of the court to determine whether they amount to probable cause. *Hill v. Palm*, 38 Mo. 14. But where the facts are undisputed the question of probable cause is a

pure question of law.   *Thomas v. Smith*, 51 Mo. App. 605.   The facts and circumstances as shown by the evidence already stated, which led to the arrest and prosecution of the plaintiff, when tested by the rules of law to which we have adverted, did not in our opinion show a want of probable cause for the prosecution.

The production of the verdict of acquittal did not establish, as we have shown by the authorities, the plaintiff's *prima facie* case.   Nor was this supplemented by such facts and circumstances as showed the prosecution was commenced and carried on without probable cause. If the evidence failed to affirmatively show as we think was the case, want of probable cause, the plaintiff's action must fail, no difference what the motive prompting the prosecution was.

It follows from these considerations that the ground of objection to the verdict contained in defendant's motion for new trial in the circuit court should have been sustained, and for its error in overruling the same the judgment will be reversed.   All concur.