# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

### MARCH TERM, 1866, AT ST. LOUIS.

[CONTINUED FROM VOL. XXXVII.]

———•••———

JOHN HILL, Respondent, *v.* WILLIAM PALM, Appellant.

1. *Malicious Prosecution—Probable Cause—Advice of Counsel.*—To enable a party sued for a malicious prosecution to protect himself, upon the ground that he acted under advice of counsel, he must show that he communicated to such counsel all the facts bearing upon the guilt or innocence of the accused which he knew, or by reasonable diligence could have ascertained; and he must not omit to state a fact known to him, although he honestly supposed it was not material.

2. *Malicious Prosecution—Probable Cause.*—In a suit for malicious prosecution, it is not competent, in support of the defence of probable cause, to show that the defendant was guilty of another and different offence. Where the offence charged was larceny, it is not competent to show that the defendant severed from the freehold, and the buildings thereon, the materials thereof, and took and stole the same, unless the value of the articles stolen exceeded the sum of five dollars—R. C. 1855, p. 579, § 38.

*Appeal from St. Louis Court of Common Pleas.*

The answer, setting out the facts, specially denied that the defendant prosecuted the plaintiff for larceny; alleged that

2—VOL. XXXVIII.

defendant, being the owner of a lot of ground, and the buildings and fences thereon, from which part of the materials had been taken at plaintiff's instigation, and used by him on premises he occupied, and worked up by him, did make a complaint to a policeman, but did not name the character of the offence, alleging that he acted from good motives, and upon probable cause to suspect the defendant, and without malice.

It appeared upon the trial that defendant made complaint to an officer of police, that his property had been taken from his premises, and that the officer arrested the plaintiff, and he was brought before the recorder; but that no witnesses were summoned for the State or city, and upon a statement made by plaintiff's attorney that the case was abandoned, the plaintiff was discharged.

The defendant not hearing of the complaint, a day or two afterwards made inquiry and learned of the discharge of the plaintiff. He then applied to the city attorney, and stated the facts; who thereupon drew up an affidavit, to which defendant made oath, and the attorney preferred the charge of larceny. The case was tried before the recorder, witnesses heard upon both sides, and, after taking the case into consideration until the next day, the recorder again discharged the plaintiff, and the plaintiff brought this suit.

It appeared further upon the trial, from the testimony of the city attorney, that, upon the statement of facts, he considered the offence to be larceny; but that Palm did not know whether the wrong complained of was trespass or larceny, and merely stated the facts; and that Lackland, as counsel, considered it to be larceny, and so preferred the charge. The papers had been lost.

It appeared further, that the defendant owned a lot at the corner of Second and Plum streets, upon which were a brick house and fence; that the plaintiff's son and another boy had taken away the bricks—some of them out of the wall, and some of them from the ground—and carried them to the premises of plaintiff, on the same block, and used them

to build a wall on the bank of the creek. It appeared also that bricks were taken after plaintiff had been forbidden by defendant to take them. It was also in evidence, that word was sent to Palm of these acts before any complaint was made.

One witness testified to seeing Hill take boards from the fence and carry them away; and it also appeared that from these boards Hill made boxes, which he sold, and that Hill's son tore down part of the fence. About 2,000 brick were taken from the house, in all; the value may have been from $3 to $8. The plaintiff gave rebutting testimony.

Instructions given for plaintiff:

1. If the jury believe from the evidence that the defendant caused the arrest of the plaintiff for larceny, as charged in the petition, and that said arrests were without probable cause and malicious, they ought to find for the plaintiff.

2. There are two kinds of malice: malice in fact, and malice in law. The former, in common acceptation, means ill-will against a person; the latter, a wrongful act done intentionally. If, therefore, the jury believe from the evidence that the defendant caused plaintiff to be arrested for larceny, as charged in plaintiff's petition; and that the defendant was moved thereto by ill-will against the plaintiff, or that the prosecution was wrongfully instituted by the defendant, and was without probable cause, the jury must find for the plaintiff.

3. If the jury believe from the evidence that the prosecution of Hill was without probable cause, they may infer therefrom that it was malicious.

4. If the jury find for the plaintiff, he will be entitled to recover such damages as the jury believe from the evidence he suffered by reason of the prosecution; and, in addition thereto, the jury may add such further amount, by way of smart money, as they think from all the circumstances the defendant should be punished with.

To the giving of which the defendant excepted.

Defendant asked the following instructions, which the court refused:

1. If the defendant had good and reasonable cause to believe the plaintiff had taken, or received the goods and personal property of the defendant, without consent of the defendant, with intent to convert the same to his own use, then the defendant had good and reasonable cause to make complaint against the plaintiff, and the jury will find for the defendant.

2. The fact that the defendant stated the facts to the city attorney, and that the city attorney advised that the offence committed was larceny, and the fact that the recorder took time to advise upon the cause after hearing the evidence, are facts tending to prove that the defendant was instigated by good motives, and had reasonable and probable cause to make complaint against the plaintiff.

3. If the jury believe from the evidence that defendant Palm, from the evidence before him, had good reason to believe that the plaintiff had severed from the buildings and fences of defendant, or had directed to be severed, the materials of which they were composed, and took and carried the same away unlawfully, with intent to convert the said materials to his own use, they will find that defendant had reasonable cause for making complaint against plaintiff, and the jury will find for the defendant.

4. The jury are instructed as matter of law, that upon the evidence the defendant had reasonable and probable cause to make complaint against the plaintiff, and the jury will therefore find for the defendant.

5. If the defendant had good and reasonable cause to believe that the plaintiff had taken or received the goods and property of defendant, without the consent of the defendant, unlawfully, with intent to convert the same to his own use, then the defendant had good and reasonable cause to make complaint against the plaintiff, and the jury will find for the defendant.

To which refusal the defendant excepted at the time.

At the instance of the defendant, instruction No. 6 was given, which is set out in the opinion of the court.

*Whittelsey* with *Krum & Decker*, for appellant.

I. It was the duty of the court to instruct the jury as to what was probable cause for the defendant to make complaint against the plaintiff; or if, upon the evidence, it was apparent that the defendant had probable cause, it was incumbent upon the court so to tell the jury: which, in the English practice, is equivalent to directing a non-suit; for, if the defendant had probable cause, it was immaterial what were his motives. The court, by refusing the instructions asked by defendant, declined to assume this duty, and left to the jury the legal question, what facts would have authorized the defendant to make complaint, and constituted probable cause—Hill v. Yeates, 2 B. Mon. 80; Buckley v. Keteltas, 2 Seld., N. Y. 384; Pangburn v. Bull, 1 Wend. 345; Masten v. Deyo, 2 Wend. 424; Hall v. Suydam, 6 Barb., S. C. 83; Foshay v. Ferguson, 2 Denio, 617; Turner v. Ambler, 10 Ad. & El., n. s., 252; Munro v. Dupont, 3 Wash. C. C. 31, 37; Stone v. Crocker, 24 Pick. 81, 84; Sutton v. Johnstone, 1 T. R. 545.

II. The defendant had probable cause, as appears by the evidence. He had been told, before making complaint, that his property had been taken away by defendant, and he had taken away all excuse of the immaterial value of the property taken, by forbidding defendant from taking any of it.

As to what constitutes probable cause—Foshay v. Ferguson, 2 Den. 617; 2 Hill. Torts, 473, 317, 18.

The question of probable cause does not rest on the actual guilt or innocence of the accused, but upon the reasonable belief of the prosecutor as to such guilt or innocence—Hall v. Suydam, 6 Barb., S. C. 83; Chandler v. McPherson, 11 Ala. 916; Richey v. McBean, 17 Ills. 63; Ash v. Marlow, 20 Ohio, 119.

III. The court erred in refusing the 1st, 3d and 5th instructions asked by defendant. They present, in different forms, the proposition that if defendant did actually take and carry away the property of defendant, with intent to convert the same to his own use, unlawfully, or if he severed from the freehold the materials of the buildings, and carried them away, against the consent of defendant, unlawfully, with intent to convert the same to his own use, then the defendant had reasonable and probable cause for the prosecution; or, in a few words, if the plaintiff stole the property himself, or received it when stolen, or if the defendant had good reason so to believe, then there was probable cause. The instructions thus refused use the very terms which define "larceny"—Whart. Law Dict. *ad verb.* Larceny. They use the words of the statute (R. C. 1855, p. 577, § 31), omitting only the word "steal," but supplying that by others.

The statute (R. C. 1855, p. 579, § 38) makes the severing from a freehold of any produce of the value of five dollars, or from any building or fence materials of like value, and taking and converting the same with intent to steal, larceny, in the same manner as if the article had been previously severed. By R. C. 1855, p. 577, § 31, petty larceny is the stealing property under the value of ten dollars, and is a misdemeanor. R. C. 1855, p. 584, § 60, punishes the malicious injury to buildings, fences, &c.

The effect of the refusal of these instructions is to punish the defendant in damages, because the things taken were not of the value of five dollars, although they were his property, taken against his consent, by the plaintiff, unlawfully, and converted to his own use wilfully.

*Holliday, Davis & Evans,* for respondent.

I. From an inspection of the record in this cause, and especially from the instructions given and refused, it will be seen that the only contested point, on the trial of this case

below, was the question of probable cause. In 1 Hill. Torts, 504, § 23, it is said, "The question of probable cause, in an action for malicious prosecution, is a mixed question of law and fact. Where the facts are uncontested, it is the duty of the judge to apply the law and determine the issue. If there are contested facts, he should charge the jury hypothetically upon the state of facts claimed by each party"—citing Bulkley v. Keteltas, 4 Sandf. 450; Garrison v. Pearce, 3 E. D. Smith, 255; Graff v. Barrett, 29 Pa. 477; Weber v. Degenhardt, 34 Mo. 458; Papin v. Allen, 33 Mo. 260.

In Williams v. Van Meter, 8 Mo. 341, the court says: "In an action for a malicious prosecution, the plaintiff must show a want of probable cause, and malice, either express or implied, in the defendant. Malice may be inferred from the want of probable cause"—1 Hill. Torts, 485, note, and cases cited.

II. It is well settled that the defendant must show that he communicated to his counsel all the facts bearing upon the guilt or innocence of the accused, which he knew, or by reasonable diligence could have ascertained—Ash v. Marlow, 20 Ohio, 119; Williams v. Van Meter, 8 Mo. 343; Ross v. Inniss, Amer. Law Reg., March, 1865, p. 281; 2 Stark. Slan., by Wend. 57; Incledon v. Berry, 1 Camp. 403; 2 Greenl. Ev. § 453; Richey v. McBean, 17 Ills. 65; Burleigh v. Bethune, 5 Taunt. 580.

WAGNER, Judge, delivered the opinion of the court.

This was an action for malicious prosecution. The petition alleges that the defendant wilfully, maliciously, and without probable cause, caused the respondent to be prosecuted for the offence of larceny, before the recorder of the city of St. Louis. The petition contains two counts: the first is for an arrest and prosecution on the 29th day of March, 1862; the second, for an arrest and prosecution on the 3d day of April, 1862. On the first arrest, respondent was discharged on account of the failure of the appellant to prosecute; on the second arrest, a prosecution was had, and the

recorder, after taking the case under advisement, again discharged him. There were exceptions taken to the giving of instructions in the court below for the respondent; but they appear to have been abandoned here, and are not assigned for error. The only real question involved, and presented for our determination, is the action of the court in refusing instructions asked for on the part of the appellant.

The first instruction prayed for and refused by the court is, in effect, that if the appellant had good cause to believe that the respondent had taken or received his goods, or personal property, without his consent, with the intent to convert the same to his (respondent's) own use, then the appellant had good and reasonable cause to make the complaint, and the jury should find for him ; and the fact that the appellant stated the facts to the city attorney, and that the city attorney advised that the offence committed was larceny, and the fact that the recorder took time to advise upon the case after hearing the evidence, are facts tending to prove that the defendant was instigated by good motives, and had just and reasonable cause to make the complaint.

This instruction asserts two separate and independent propositions. The first part is ingeniously framed with a view of making it conform to the evidence, and then applying it to the offence of larceny; but it is greatly wanting in the essential descriptive elements which constitute that offence; nor is it helped by reference to the thirty-eighth section of R. C. 1855, p. 579, for that section only makes the offence larceny where the property severed and taken amounts in value to five dollars; and no witness testified in this case that the property alleged to be taken amounted to that sum.

The offence charged against the respondent was larceny, and it was not competent, in support of probable cause, to show that he was guilty of another and different offence.

On the second point, that appellant acted under the advice of counsel; how far this may go to establish probable cause for the prosecution, is perhaps a question not quite settled.

It is laid down in Stone v. Swift, 4 Pick. 393, that if the party "did not withhold any information from his counsel, with intent to procure an opinion that might operate to shelter and protect him against a suit; but, on the contrary, if he, being doubtful of his legal rights, consulted learned counsel with a view to ascertain them, and afterwards pursued the course pointed out by his legal adviser, he is not liable to this action notwithstanding his counsel may have mistaken the law."

In Williams v. Van Meter, 8 Mo. 339, this court held, that in actions like this it would be permitted to show, that in good faith, and upon a full representation of facts, a party was advised by counsel that a prosecution was warranted. But what diligence was to be used in ascertaining and obtaining the facts, in order to make full representation, was not spoken of, nor commented on, as it was not necessary to the decision of the case.

We take the rule to be, that, to enable a party to justify or shield himself under the advice of counsel, he must show that he communicated to such counsel all the facts bearing upon the guilt or innocence of the accused, which he knew, or by reasonable diligence could have ascertained; and he must not omit to state to his counsel a fact well known to him, but which he honestly supposed was not material—1 Hill. Torts, 480; Ash v. Marlow, 20 Ohio, 119; Ross v. Inness, 4 Law Reg. 281, n. s. The evidence in this case fails entirely to show that appellant made such a disclosure of facts to his counsel as to bring him within the exemption of the law.

The attorney, in his testimony, says that appellant stated the fact to him, that he wrote out the statement of facts, and on that statement he made the charge of larceny; that he acted on his own judgment; appellant did not know whether the proper charge was receiving stolen goods, or larceny. Here everything is left to vague inference and implication. He stated the fact—what fact? Did he tell all he knew

bearing on the guilt or innocence of the accused, or which by reasonable diligence he could have ascertained? There is no answer to this inquiry; yet, before he could take advantage of the advice of counsel as a defence, he must answer this question in the affirmative.

The second instruction is essentially the same as the first part of the first instruction, and is obnoxious to the same objections; except the last clause, which declares as matter of law that, upon the evidence, the appellant had probable cause to make the complaint against the respondent.

This was asking the court to withdraw the whole case from the consideration of the jury, and to declare that the respondent could not recover. Probable cause is said to be "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the accused is guilty of the offence with which he is charged"—Foshay v. Ferguson, 2 Denio, 617; Ash v. Marlow, 20 Ohio, 119; Jack v. Stimpson, 13 Ills. 701; Richey v. Bean, 17 Ills. 63.

The question of probable cause is composed of law and fact; it being the province of the jury to determine whether the circumstances alleged are true or not, and of the court to determine whether they amount to probable cause—2 Greenl. Ev. § 454; 1 Hill. Torts, 481.

It therefore falls within the province of the jury to investigate the truth of the facts offered in evidence, and the justice of the inference to be drawn from such facts; whilst at the same time they receive the law from the court, that, according as they find the facts proved or not proved, and the inferences warranted or not, there was reasonable and probable ground for the prosecution, or the reverse; and this rule holds however complicated and numerous the facts may be—Broom's Leg. Max, 75; Johnstone v. Sutton, 1 T. R. 544; Blanchford v. Dod, 2 B. & Ad. 179; James v. Phelps, 11 Ad. & El. 483; Michell v. Williams, 11 Mees. & W. 205; 2 Phil. Ev. 570, and notes, ed. 1859.

The facts being contested, the court decided rightly in leaving the matter with the jury, with instructions as to what constitutes probable cause.

The third instruction embodies, in different language, precisely the same thing asserted in the first propositions of the first and second instructions, and it is unnecessary to consider it.

We have not been able to perceive any error in the ruling of the court in refusing to give instructions; but, after the above instructions were refused, the court, at the instance of the appellant, gave the following:

"6. The plaintiff charges the defendant with prosecuting him (the plaintiff), for larceny, falsely, maliciously, and without reasonable or probable cause for said prosecution; the plaintiff must therefore prove, to the satisfaction of the jury, that the defendant did prosecute the plaintiff on a charge of larceny; that the charge was false; that the defendant was instigated by malice against the plaintiff; that he made the charge without reasonable or probable cause to believe the plaintiff guilty; and, unless all this be proved to the satisfaction of the jury, they will find for the defendant."

After the giving of the above instruction, we cannot see on what ground the appellant complains. It would have been impossible to have framed it more favorable to him, or more rigid and severe against the respondent. It required the most clear and satisfactory proof, on the part of the respondent, of every allegation inserted in the petition. Two juries have passed on this case, and each gave a verdict for respondent, and we see no sufficient reason for our interference.

The judgment is affirmed. Judge Holmes concurs; Judge Lovelace absent.