M’Girk, C. J.,
delivered the opinion of the Court.
This was an action of assumpsit brought by Clendennen, the plaintiff, against the defendant, for work and labor. The defendant pleaded non-assumpsit. Paulsel, the defendant, had judgment. It appears by the record that the plaintiff, and his brother Daniel, entered into a covenant to build a house of a certain description for Paulsel, at a price mentioned in the covenant. Paulsel covenanted to pay the price agreed on for the work when the same was done. After the covenant was made, Daniel Clen-dennen refused to have any thing more to do with the business, and gave the same entirely up to John. He then went on under the covenant and performed a considerable part of the work under the covenant, when Paulsel refused to let him, proceed any farther. He desisted and brought his action of assumpsit alone for the work done.
The defendant moved the Court to instruct, &c,,
That if the plaintiff could recover at all, it must be on the covenant ; and that he could not recover in this form of action for work done under the covenant; which instruction the Court gave. This opinion of the Court is assigned for error. It is insisted by Messrs, Hayden and Scott for the plaintiff in error, that where a contract is put an end to by the party, the other party may consider the whole contract as rescinded, and go for the work as if no special contract or covenant existed. The first case cited to support this position is, 1 Cain’s R. 47, Weaver v. Bently. This was a case of a covenant on the part of Bently to deliver to Weaver a lease of a lot of ground by a certain day, and in default thereof two notes on Weaver were to be paid. Weaver on his part did not sign the covenant, nor does it appear by the covenant what Weaver gave as consideration thereof. Bently failed to deliver the lease. Weaver paid several sums of money as a part of the consideration, then brought his action of assumpsit to recover the money back. The majority of the Court held that the plaintiff had his election either to affirm the contract or go on the covenant, or to disaffirm the contract and recover back the money which he had paid. Divinston, Justice, dissented. His ground of dissent is, that as the plaintiff had his remedy on the covenant, he must resort to that alone. It is our opinion that Livinston was-right, and the Court was wrong. The authorities and cases, cited by Messrs. Wells. *167 and Leonard for the defendant, will in our opinion show what the true law is. The first authority is 1 Chit. Pleading, 91, which says where the party has a higher security, he must found his action thereon. In page 92 he says assumpsit will not lie where there has been an express contract under seal. But he says it would lie if the deed were signed by the plaintiff only. That rule applied to this case would be that, if Paulsel, in this case, had not signed the covenant, then Clendennen, after having performed the covenant, or having been prevented, must bring his action of assumpsit.
There are many other cases given where a deed may have been concerned between the parties, and assumpsit will lie ; but the case at bar does not come up to any of them. The next authority cited is that of Young v. Preston, 4 Cranch, 239, cited in Condensed, Reports, 98. This was an action of assumpsit for work and labor. It appeared in evidence that the plaintiff had done the work under a sealed instrument, and had been prevented by the defendant from doing the balance.
The Supreme Court of the U. S. held that as the plaintiff had a clear right of action under the covenant, he must resort thereto. 3 Starkie, 1762, is to the same point, where it is said that when the parties have made an express contract, none can be implied. We consider the rule as laid down in the case of Young v. Preston, is the true one. Many other authorities have been cited to the same point. We are willing to admit that it has been held in some cases as cited by the plaintiff’s counsel, that where the party has covenanted to do an act, and has failed, the covenantee lias been allowed to recover the money paid in assumpsit. But if any of these cases establish the doctrine that the party can sue in assumpsit where he has a security of a higher nature, on which he can sue, we have no hesitation in saying the cases are not law. 1 Powell on Contracts is cited by the plaintiff, page 417, where it is laid down that if he who is to be benefitted by another’s fulfilling a contract, is the occasion why it is not fulfilled, the contract is thereby entirely dissolved, and the party bound is discharged from his obligation. This rule applies to this case in this way, that if Paulsel prevented the plaintiff from fulfilling his covenant, then he may sue on the covenant and alledge the prevention, and will be entitled to. his money as if he had performed the covenant. It cannot mean that the -matter is to be considered as if the sealed instrument never had been made. According to this view of the subject, the judgment of the Circuit Court is affirmed with costs.