OF THE

# SUPREME COURT OF MISSOURI.

## THIRD JUDICIAL DISTRICT,

### NOVEMBER TERM 1839.

6   159
e92a  ²179

---

JARRELL, DOUGHERTY & DOUGHERTY v. FARRIS Adm'r of
COCKEY.

1. Covenant by A. & B against C as adm'r of D upon an agreement of D to deliver to pltffs at stipulated periods, 1000 saw logs. Plea, that D in his life time delivered 200 of the logs &c. and as to the residue was prevented from delivering &c, by B one of the pltffs. who on &c. assaulted and mortally wounded D; by means of which &c D died, and so was prevented from fulfilling his covenant.— Plea demurred to and demurrer overruled. Held, that the plea was good.

2. Where the covenantee forcibly prevents the covenantor from fulfilling his covenant, the covenantee is released from its performance.

3. There is an obvious distinction between covenants for the non-payment of money, or transfer of land, or other property, and those in which the party stipulates for work and labor. The former class are not released by the death of the obligor, even though his death was occasioned by the act of the obligee, the physical capacity or incapacity of the obligee having no connection with the performance required. Otherwise where the personal services of a party are stipulated for:

4. A release from one obligee is a release as to all, and the act alleged in the plea in this case is equivalent to a release of the whole obligation.

Opinion of the Court delivered by Napton Judge.

The plaintiff in error, brought an action of covenant against the administrator of Elias B. Cockey, upon an agree-

NOV. TERM 1839.

Jarrel, Dough erty & Dough erty.

vs

Farris, adm'r of Cockey.

ment by said Cockey to deliver a thousand saw logs at specified times in the fall of 1837 and in the winter and spring of 1838, defendant plead non est factum and a special plea that the said Cockey in his life time did deliver at the plaintiffs saw mill one hundred logs answering the description required by said agreement by the first day of October next following the date of said agreement, and one hundred by the first of November, in conformity with his covenant and that as to the residue of said logs the said Cockey was prevented from delivering the same and complying with his said agreement in that behalf by James H. Dougherty one of said plaintiffs, who on the first day of January in the year 1838, made an assault upon the said Cockey, and then and there shot him, and inflicted a mortal wound upon him, wrongfully and illegally, of which the said Cockey afterwards, to wit: on the twenty-eighth day of the same January died, and by means of which wound the said Cockey from the time of its infliction was totally unable to attend to the furnishing said logs or doing other business until he died as aforesaid and the said defendant says that the said Cockey was then by the act of the said James H. prevented and hindered from fulfilling his said covenant &c.

This plea was demurred to, and the circuit court overruled the demurrer and the decision of that court in overruling the demurrer is assigned for error in this court.

Covenant by A & B against C as adm'r of D, upon an agreement of D to deliver to pl'tffs. at stipulated periods, 1000 saw logs. Plea that D in his life time, delivered 200 of the logs &c. and as to the residue was prevented from delivering &c. by B one of the pltffs. who on &c. assaulted

The doctrine is I believe well settled, that when the covenantee does any act of forcible prevention, the covenantor is released from the performance of his covenant, Platt on covenants 595 and authorities there cited. Indeed this court has recognized this doctrine in the case of Paulsel vs. Clendenen, 3 Mo. Rep. 230 so also, where the covenantee does any act by which the covenantor is incapacitated to observe his covenant. As if A undertakes that J S shall marry a certain woman before such a day, and the covenantee before that day marries her himself," Platt on covenants p. 595. The applicability of this doctrine to the case under consideration is questioned on the ground, first that this plea does not shew that the act of the covenantor was really an an act of prevention, it not appearing, but that the killing

occurred in a quarrel having no relation to the subject matter of the covenant, second, because the covenant could have been performed as well by the representative of Cockey as by himself, and that his death in the ordinary course of nature could not have discharged his representatives; and thirdly, because it does not shew that the killing was done with any intent or with any view to prevent the performance of the covenant, and lastly, because it would involve in a civil suit, a question of responsibility under the criminal law:

. I apprehend there is an obvious distinction between covenants for the mere payment of money or transfer of land or other property, and those in which the party stipulates for work and labor, whilst the former class of obligation could not be released by the death of the obligor, even though that death was occasioned by the act of the obligee, the covenant being in such cases, if I may be allowed the term, a mere lien on the property of the obligor, and his physical capacity or incapacity having no connexion with the performance required. It does not by any means follow that the principle is applicable to those obligations where the personal services of a party are stipulated for. It is not a fair presumption either in law or fact, that a party who stipulates to haul saw logs, or build a house, intends to perform the labor by others and not in person, on the contrary he has a right to perform the labor in person, and in law he is considered as doing the work himself though in point of fact it may all have been performed by his servants.

If this distinction be well taken, how does the plea of defendant stand the test, was not the effect of Dougherty's act, virtually to prevent the performance of the covenant by Cockey supposing it to have been as represented in the plea. It seems to come completely within the principle laid down in the books, of an act done by the covenantee by which the covenantor is incapacitated from performing his covenant, this is not an act of prevention, but an act incapacitating the obligor from performing his covenant and if it had been the act of God, or a third person, the obligor would not

OCTOBER TERM 1839

Jarrel, Dougherty & Dougherty vs. Farris adm'r of Cockey.

and mortally wounded D, by means of which &c. D died, and so was prevented from fulfilling his covenant. Plea demurred to and demurrer overruled. Held, that the plea was good.

Where the covenantee forcibly prevents the covenantor from fulfilling his covenant, the covenantor is released from the performance.

There is an obvious distinction between covenants for the mere payment of money, or transfer of land or other property, and those in which the party stipulates for work and labor. The former class are not released by the death of the obligor, even though

L.

NOV. TERM 1839.

Jarrel, Dougherty & Dougherty

vs,

Farris, adm'r of Cockey.

*his death was occasioned by the act of the obligee, the physical capacity or incapacity of the obligor having no connection with the performance required. Otherwise where the personal services of a party are stipulated for.*

*A release from one obligee is a release as to all and the act alledged in the plea in this case is equivalent to a release of the whole obligation.*

have been released, but having been the act of one of the obligees it was well pleaded in bar.

The intent with which this act was done cannot be mateerial to the merits of the plea the effect of the act is all that can be enquired into.

The cases cited by the counsel for the plaintiffs in error, it is deemed unnecessary particularly to notice, they are all cases such as I have alluded to, either where the covenant was for the payment of money or transfer of land, or where the act complained of and set up in discharge, was the act of God, or of the third party, and not the act of the obligee.

I do not perceive any particular difficulty in taking issue on this plea, because it is not alledged that the act of Dougherty was in self defence or otherwise justifiable. This would be good matter for a replication and need not be anticipated in this plea. It has also been urged that this plea, however good for Dougherty, could not be good as to the other obligees. A release from one of the obligees is a release as to all, and we hold that the act alledged in this plea was equivalent to a release.

Upon the whole, the court believe that the plea is not only sustainable in a legal point of view, but sanctioned by the principle of civil policy and sound morality. Judgment affirmed.