## LITTLE vs. MERCER.

1. An action of debt will not lie for the non-performance of a contract under seal, if the damages are unliquidated, but will lie on a covenant to pay a sum certain even where secured by a penalty,

2. A person who is prevented by the other party from completing a contract, is entitled to recover as if the contract were completed: he cannot abandon the contract and sue on a *quantum meruit.*

3. Although a declaration be defective in the *queritur,* if it contain a statement of the cause of action sufficient to apprise the defendant of the nature and extent of the grievance he is to defend, it is sufficient.

4. An allegation that *"defendant hind rid and prevented the plaintiff from completing the work, by throwing down a part,"* is sufficient.

## ERROR to Platte Circuit Court.

Jones, for Plaintiff.

### POINTS AND AUTHORITIES.

1. That Mercer, by interfering with the work against the consent of Little, and throwing off the stone from the abutment, where they had been placed by him for the purpose of constructing the work, is such an act of forcible prevention, as discharged him from the performance of the contract. 6 Mo. Rep. 160, and authorities there cited.

2. That Little was entitled to recover the value of the work done by him on the abutments, on the common counts, Mercer being the cause why the contract was not performed.

Leonard & Bay, for Plaintiff.

### POINTS AND AUTHORITIES.

1. The first, or special count in the plaintiff's declaration is bad. Debt will not lie for the non-performance of a contract under seal, where the damages are unliquidated. The amount which the plaintiff might be entitled to recover, would depend upon the opinion of a jury, and is entirely uncertain. 1 Chitty Pl. 124, 128, 7th Am. ed.; 1 Saunders on Pl. 404. Covenant was the proper form of action, 1 Chitty P. 134.

2. The first count is also bad, because the plaintiff has not declared upon any debt due to him from the defendant; also, because he has not shown any sufficient excuse for not performing his contract.

3. The evidence offered under the common counts was properly rejected : the plaintiff could not waive his agreement, and recover under the common counts for work and labor. Clendennin vs. Paulsel, 3 Mo. Rep. 166, 2 ed. ; Helm vs. Wilson, 4 Mo. Rep. 41.

Little vs Mercer.

NAPTON, J. delivered the opinion of the court.

This was an action of debt, upon a sealed instrument, to recover the price agreed to be paid to plaintiff, for building the abutment of a bridge. The declaration contained a special count upon the covenant, and the common counts.

This covenant between the parties which is set out in the declaration was about as follows: the plaintiff agreed to put up two abutments, in a style and manner particularly described; the defendant furnishing the materials, stone, lime and sand, and to be finished by the 25th December, 1842; in consideration whereof, the defendant agreed to pay $1700; eleven hundred to be paid on the completion of the work, and six hundred on the first of September, 1843. It was further agreed, that if any change should be determined on by the county court, or bridge commissioner, the plaintiff was to conform his work to such changes, at a price duly proportioned to the contract price heretofore agreed on.

The first count in the declaration sets forth this agreement in substance, and averred, that an alteration was on the 4th August, 1842, agreed upon between the county court and the defendant, and that he did, on the 5th August, 1842, commence said work according to the terms of said indenture, and alteration aforesaid, under the direction and superintendence of the bridge commissioner, and was proceeding to finish and complete the same according to the terms of said indenture and alteration aforesaid, and was then and there ready and willing to do and perform said work, and would have finished and completed the same according to the terms of said indenture and alteration aforesaid, but that he was hindered, delayed and prevented from finishing the same, by said defendant, then and there violently, wilfully and forcibly throwing down off of, and from the said eastern abutment, a large quantity of stone, to wit: ten perch, into the river, against the consent and will of the said plaintiff, and which stone said plaintiff had placed at and upon said eastern abutment, for the express purpose of constructing the same, according to the terms of said indenture, &c. Whereby an action accrued to the plaintiff, to demand and have from the defendant, the said sum of $1700; yet the said defendant, though often requested, &c., &c.

To this declaration, the defendant specially demurred; but at a subsequent term of the court withdrew his demurrer, and filed seven pleas. 1, *Non est factum*. 2, as to the common counts, *nil debit*. 3, That plaintiff did not perform and complete the stone work of said abutments, according to the terms of said agreement, nor was he hindered

and prevented from so doing, by said defendant, as alleged, &c. 4, That. plaintiff did not perform a part of said stone work, as by the agreement and alteration he was to do, nor was he prevented from doing the remainder thereof, as alleged, on or before the 25th December, 1842, &c. 5. The plaintiff did not put ten perch of stone on the eastern abutment, for the purpose of building the same, and that said defendant did not throw the same down into the river, &c. 6. That said plaintiff did not perform said stone work, nor any part thereof, as he was by said indenture bound to do ; but on the contrary was so lazy and negligent, that when said 25th Dec., 1842, arrived, he had not completed one-fourth part thereof, nor was he hindered or delayed by said defendant, &c. 7, *Nil debit, generally*, to the whole declaration.

Plaintiff took issue on the first, and demurred to the other pleas, setting forth the causes of demurrer specially. Upon this demurrer, the court held the first count of the declaration insufficient, and overruled the demurrer of the plaintiff to the second plea, and sustained the demurrer to the seventh plea. No disposition was made of the 3d, 4th, 5th and 6th pleas. The plaintiff went to trial on the common counts, and offered the sealed agreement, heretofore referred to in evidence, which was excluded. The plaintiff then offered to prove that he had done work on the abutments worth five hundred dollars ; and that defendant had neglected to dig out, and prepare the foundations for the abutments, in time for the plaintiff to finish his work before the 25th December, 1842 ; and that defendant had prevented plaintiff from completing the said contract, by throwing down one of the abutments, &c, All this testimony the court rejected, and the plaintiff took a non-suit, and moved to set it aside, which motion the court overruled. The plaintiff excepted, and brings his case here by writ of error.

The principal questions rising on the record, are :

*First*, Will the action of debt lie ; and

*Second*, If so, is the declaration good on general demurrer ; and

*Third*, Was the evidence offered admissible under the common counts.

The position assumed by the counsel for the defendant, that an action of debt will not lie for the non-performance of a contract under seal, where the damages, are unliquidated, is believed to be indisputable; but it is equally well established, that an action of debt, as well as covenant, will lie for the recovery of a sum certain, due by covenant. Even where the performance of the covenant is secured by a penalty, the plaintiff may at his election, sue for the penalty, or for the rate agreed upon in the covenant. Thus, in Ingledew vs. Crips, (1 Salk. 658,) the defendant covenanted to pay the plaintiff so much per hundred for every

hundred stacks of wood in such a place, and bound himself in a penalty for the performance, the plaintiff brought debt for a sum exceeding the penalty, and the action was sustained. The court said that the plaintiff may have covenant or debt, at his election, for the rate being certain when the defendant has the wood, the agreement becomes certain for which debt lies. Had the plaintiff in this case performed his covenant, there can be no doubt that he could have maintained an action of debt for the price agreed to be paid him for his services. But if he is prevented from performing his covenant by the act of the defendant, how will that circumstance affect his remedy? Will he be at liberty to treat the covenant as though it was performed, and go for the whole consideration; or must he resort to his action of covenant, and be allowed such damages for the work he has done, and for the inconvenience and expense he has been put to ?

It seems to be settled, at least in our courts, that where there is an express contract unrescinded, and unexecuted, a plaintiff who has done work under such a contract, cannot abandon the contract and sue on a *quantum meruit*. If he recover at all, he must recover on the contract, and if the contract be under seal, his form of action must be adapted to a contract of this character. Clendennin vs. Paulsel, 3 Mo. Rep. 230 ; Helm vs. Wilson, 4 Mo. Rep. 43 ; Crump vs. Mead, 3 Ibid. 253.

In Clendennin vs. Paulsel, the court said that "if the defendant prevented the plaintiff from fulfilling his contract, then he may sue on the covenant and allege the prevention, and will be entitled to his money as if he had performed the covenant." In Helm vs. Wilson, which was a later case, the court observed : "It is a general rule of law, that a contract must be performed according to its terms, before the party can have any right of action. This rule, however, is subject to some qualifications. One is, that "if the other party will prevent the execution of the agreement, that the action will lie, and the plaintiff's right to recover is as complete as if the contract had been fully executed." In another part of the same opinion, the court declare, "that in such cases, the plaintiff may recover the worth of the labor at least, or he may recover for the whole as if performed." The case of Labeaume vs. Hill & Kees, proceeded on a different principle. That, and the case of Linningdale vs. Livingston, 10 John. 36, were based upon the doctrine in Keck's case, cited and approved by Butler, that when a man does work for another, under a special agreement, but not done in time, or manner called for by such agreement, he shall recover for the work done upon a *quantum meruit*. These cases seem to have

been occasionally misunderstood or misapplied, and the doctrine has been questioned or denied. Certainly the doctrine is to be understood with reference to the facts of each case, and with certain qualifications. It supposes a performance of the contract, with variations from the same, probably with *the assent of both parties*, or an extension of the time within which the agreement was to be performed with the like assent. Such was the understanding of the case of Linningdale vs. Livingston, by Judge Spencer, as he declares in the subsequent case of Jennings vs. Camp, and so understood, the principle is unexceptionable.

It is, however, *unnecessary to enter into any examination* of the distinction taken. It is at least certain, that if the authority of Paulse1 vs. Clendennin be observed, the plaintiff could sue on the covenant, and recover the contract price of the work, as though it had been completed.

The next question concerns the sufficiency of the declaration on general demurrer. The first objection taken is to the *queritur* in the declaration. The declaration commences in these words: "J. L. complains of T. W. M. in a plea of debt, for whereas, &c., &c." The usual form is departed from, and no sum whatever is stated. In the court of Kings Bench, where the proceedings are by bill, Lord Lough<sup>a</sup> borough held that the *queritur* might be rejected as superfluous; Lord vs. Houston, 11 East. 62. Even in the common pleas, where the sums declared for, exceeded the sum in the writ, it is only a matter of abatement, and cannot be pleaded in bar. McQuillen vs. Cox, 1 H. Bl. 249. According to our practice, the declaration accompanied the summons, and constitutes the first step in the institution of a suit. It is certainly necessary that it should contain a sufficient statement of the plaintiff's cause of action, to apprise the adverse party of the nature and extent of the grievance which he is called upon to defend, and that this statement should conform substantially to the established forms of pleading. The latter part of the declaration now under consideration contains what is sufficient fully to apprise the defendant of the character of the demand, and is in the usual form.

The second objection made to the declaration is that the plaintiff does not allege any sufficient excuse for not performing his contract. The plaintiff avers that he had commenced, and was proceeding to finish the work, according to contract, but was hindered by the defendant hrowing down from the eastern abutment, a large quantity of stone, to wit: ten perch, which had been placed there for the purpose of constructing the same. This is surely a sufficient act of prevention. The

plaintiff did not contract to build the wall more than once, or to rebuild it, as far as it might be thrown down by the defendant. It was impossible for him to proceed in the work without replacing the rock which had been thrown down, and that he was not bound to do.

In relation to the evidence offered under the counts of *indebitatis assumsit*, it was not admissible, according to the decision of this court in Clendenin vs. Paulsel.

Judgment reversed and cause remanded.