Woods & Pierce, Respondents, v. John D. Stephens, Appellant.

1. *Contract — Agency — Real estate broker — Variance — What will not vitiate a contract.*— A real estate broker having contracted with the owner of a farm to sell it at a specified commission, proceeded to advertise, etc., and procured a buyer and brought him to the farm. But the latter objecting to the quantity of land offered, the owner agreed to reserve a portion and sell him only the remainder, whereupon the parties repaired to the office of the broker, who drew up the papers, and did other things in aid of the vendor, and the sale was consummated. In all things connected with the sale the broker fulfilled his contract, so far as permitted by the owner. *Held*, that the sale, being of a part instead of the whole farm, under that state of facts, was not such a variance with the written contract as to prevent the broker from recovering the full amount of the commission upon the land actually sold. The change in the terms of sale, in the particular mentioned, became a part of the original contract, and could be enforced as such.

*Appeal from Fourth District Court.*

*Barrow & McMillan*, and *De France*, and *Ewing & Holliday*, for appellant, cited 26 Mo. 102, 308 ; 23 Mo. 328 ; 41 Mo. 536 ; 37 Mo. 104 ; 38 Mo. 51 ; 31 Mo. 165 ; 4 Mo. 41 ; 29 Md. 512, 575.

*Harrington & Cover*, for respondents, cited Chouteau v. Goddin, 39 Mo. 229 ; Newman v. Hook, 37 Mo. 207 ; Marsh v. Richards, 29 Mo. 99 ; Helm v. Wilson, 4 Mo. 41 ; Little v. Mercer, 9 Mo. 218 ; Gen. Stat. 1865, pp. 683-4, §§ 1-6 ; Bishop v. Ransom, 39 Mo. 416 ; State v. Marshall, 36 Mo. 400 ; Bailey v. Chapman, 41 Mo. 536 ; Moses v. Bierling *et al.*, 31 N. Y. 462.

BLISS, Judge, delivered the opinion of the court.

The plaintiffs were real estate brokers, and were employed by defendant to sell his farm. The authority to sell was in writing, was very minute in its description of the property, fixed the price at twenty-three dollars per acre, and closed as follows: "The above is a correct description of my property, registered with Woods & Pierce, to remain in their hands for at least ninety days, and if withdrawn after that time, it is agreed that I will give them thirty days' notice of such withdrawal in writing; and I further agree to pay said Woods & Pierce three per cent. commission for selling the same, and if sold before withdrawn from their books, as above specified, and without the interposition and assistance of said Woods & Pierce, I agree to pay one-half the commission as named above; and I further agree, in case said Woods & Pierce shall make sale of the above-described property at the price and the terms set forth, that I will make a good and valid title," etc.

Shortly afterward, one Haywood, the purchaser, came to the office of plaintiffs inquiring for land; was referred, among other tracts, to defendant's farm, was attracted by its description, and taken by one of the plaintiffs to the farm and shown over it. While there, Haywood objected to the quantity, and defendant told him he would reserve a certain forty acres, and sell him the remainder for twenty-five dollars per acre. A few days afterward, Haywood again came to the office, informed plaintiffs that he would accept defendant's offer, whereupon they sent for defendant to come to town, and the business was consummated in the office, the plaintiffs drawing the papers, etc. They now claim the three per cent. commission, amounting to $171, which defendant refuses to pay, but offers to give them something, claiming that the property was not sold under the contract; that only a portion was·sold, and that by himself, as owner, and not by the plaintiffs. The court, however, instructed the jury that the plaintiffs were entitled to their commission upon the land actually sold, and they recovered judgment.

This instruction was correct. The plaintiffs fulfilled their con-

tract so far as permitted by defendant. They furnished the capital, the office, the advertising, the reputation, etc., which attracted the purchaser; they exhibited their records, which explained the character of the property, and took the purchaser to it, drew the papers, and did other things in aid of the seller; in a word, they furnished the purchaser, and the defendant would never have seen him but for them. If he had taken the whole farm at twenty-three dollars per acre, there would have been no pretense that plaintiffs did not sell it, and the whole defense is based upon the variation by the owner from the original terms.

This defense assumes one of two things: either that, by his contract with his agents, the owner was bound to sell according to the terms furnished them, and had no power to vary them, or that, by a slight variance, after they had furnished the purchaser he could defraud them of their compensation. Neither position has a show of reason. It is true he had the power to sell, himself, but even that was restrained by his agreement; for if the property was sold by him before being withdrawn from the books of plaintiffs, and without their interposition and assistance, they were to have half the stipulated commission.

The right of the plaintiffs is sustained by the general principles of law applicable to all agreements; for if there is a change or substitution in some particular, the substitution becomes a part of the original agreement, and can be enforced as such. (Helm v. Wilson, 4 Mo. 44; Little v. Mercer, 9 Mo. 216.) In regard to the law applicable to contracts like the one in suit, see Bailey v. Chapman, 41 Mo. 536; Moss v. Bierling, 31 N. Y. 462; Kimberly v. Henderson, 29 Md. 512.

The other judges concurring, the judgment is affirmed.