### POWELL v. MOELLER, *Appellant.*

DIVISION TWO.                        107   471
                                     92a  ¹178

1. **Contract of Marriage**: CONSIDERATION. Contracts of marriage are favored by the law, and are based upon the most valuable of considerations.

2. **Practice in Supreme Court.** It is not the duty of the supreme court in civil cases to search for errors of which parties do not complain.

*Appeal from Gasconade Circuit. Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*B. L. Matthews* and *W. S. Pope* for appellant.

(1) The contract, if any was made, was an immoral one, and will not be enforced. Anson on Contracts, p. 179, and cases there cited; Atherly on Marriages, p. 390, *et seq.;* 2 Parsons on Contracts [6 Ed.] p. 67; 1 Story on Contracts [5 Ed.] sec. 541; 1 Story on Contracts [6 Ed.] sec. 582; Kent's Commentaries [2 Ed.] sec. 39, p. 466. The plaintiff in her testimony says, "I allowed Moeller to have intercourse with me, because he promised to marry me." This brings the case within the rule mentioned in the foregoing authorities, as well as the following: *Walker v. Gregory*, 36 Ala. 180; *Gray v. Matthias*, 5 Vesey, 286; *State v. Reeves*, 97 Mo. 668; *Robinson v. Musser*, 78 Mo. 153. "*Volenti non fit injuria.*" See also Smith on Contracts, commencing on page 121, original edition, and on page 203 of the third American edition, and especially foot note "*a*," commencing on page 204, in which this doctrine is discussed, and cases bearing on same carefully collated. (2) There was no mutual promise of marriage proven. Such a promise cannot be inferred from the evidence. For that reason the case should be reversed. *Standiford v. Gentry*, 32 Mo. 477.

*I. W. Boulware* and *J. C. Kiskaddon* for respondent.

(1) The testimony snows a mutual promise of marriage. No particular form of words is necessary to constitute a contract of marriage. The contract may be made by words or acts, or by both. *Homan v. Earle*, 53 N. Y. 267. If the acts and language of defendant were such as to induce plaintiff to believe that there was an engagement, and she acted upon that belief, and he knew that she so regarded them, then he cannot deny that an engagement existed. *Wells v. Padgett*, 8 Barb. (N. Y.) 523; *Peck v. Hoytt*, 39 Conn. 9; *Perkins*

*v. Hersey*, 1 R. I. 493.   ( 2 )   It is proper to infer from the evidence an express promise.   *Homan v. Earle*, 53 N. Y. 267 ; *Wightman v. Coates*, 15 Mass. 1 ; *Perkins v. Hersey*, 1 R. I. 493 ; *Bulton v. McCauley*, 1 Abb. Dec. ( N. Y.) 282 ; *Hotchkiss v. Hodge*, 38 Barb. (N. Y.) 117 ; *Waters v. Bristol*, 26 Conn. 398 ; *Prescott v. Guyler*, 32 Ill. 312 ; *Wells v. Padgett*, 8 Barb. (N. Y.) 327 ; *Hubbard v. Bonesteel*, 16 Barb. ( N. Y.) 360 ; 30 N. Y. 285. ( 3 )  The contract was not invalid, illegal or immoral ; it was not founded on a consideration *contra bonos mores ;* not against the principles of sound policy ; not founded in fraud, or in contravention of the provisions of some statute, nor was it a stipulation for iniquity ; but that said contract was not only based upon a good consideration, but that which was most valuable, holy and sacred.   The evidence conclusively shows that the contract was entered into some considerable time before any illicit intercourse took place, and not with any view, on the part of the plaintiff at least, to such illicit intercourse.   But plaintiff yielded to the solicitations of defendant solely on account of her affection for and confidence in him, induced by the precedent contract to marry existing between them.   ( 4 )   The evidence is amply sufficient to sustain the verdict.   That there was some conflict in the evidence, is the most that can be said of it.   The uniform rule of this court has been, and is, not to disturb a verdict where there was evidence never so slight to support it.   This court will not pass on the weight of evidence in actions at law, and when there is any evidence this court will not interfere.   *Shad v. Sharp,* 95 Mo. 573 ; *Avery v. Fitzgerald*, 94 Mo. 207 ; *Homan v. Earle*, 53 N. Y. 267.

GANTT, P. J.—This is an action founded on a breach of promise to marry and aggravated by seduction, accomplished under and by means of the promise.   The parties are both residents of Gasconade county.   The defendant was a man of mature years, of considerable

wealth, the father of a family, and a widower. Plaintiff was a young woman, a domestic servant in the house. She had lived with him two years during the lifetime of his wife. There was evidence on her part of the promise to marry, corroborated by other witnesses.

Defendant was a witness. He did not deny the seduction. He contented himself by denying the promise to marry. There was sufficient evidence to sustain the verdict.

The defendant seeks to reverse the judgment, on the ground that the contract was an immoral one. The contract was to marry. It was not only not immoral, but was one favored by the law, and based upon the most valuable of considerations. If by virtue of this promise defendant succeeded in perpetrating a great wrong on plaintiff it does not lie in his mouth on that account to impeach the validity of the contract. There is no merit or virtue in his point.

Defendant also insists there was no mutual promise of marriage proven. We cannot agree with him. The testimony is clear, that he asked her to become his wife, and she at the time assented, and this was ratified and reaffirmed subsequently before he accomplished the seduction.

Appellant excepted to three instructions in the motion for new trial, but in this court he has filed no statement or made any point as to the supposed errors in them. It is not our duty in civil cases to delve for errors of which parties have not complained. We have read the instructions. The court gave all defendant asked, and there was no error in plaintiff's. He saved no objections to any evidence. The judgment will be affirmed. All concur.