F. M. SPONABLE, Appellant, v. D. D. OWENS, Respondent.

**Kansas City Court of Appeals, February 10, 1902.**

1. **Contracts: CONSIDERATION: MARRIAGE.** The promise of the father of an illegitimate child to the mother to support the child, is without consideration; but where it is accepted with an agreement of marriage between the parties the consideration is sufficient.

2. ———: ———: **TRUSTEE OF AN EXPRESS TRUST: ACTION.** The promise of such father to a third party is invalid where there is not additional consideration, but where, as in the contract under judgment, the promise is made to a third party for the benefit of the mother and is accepted with a marriage, an action may be sustained on the promise.

3. ———: **PROMISE OF MARRIAGE: MUTUALITY.** Where a man promises to marry a woman by written contract, and both sign and accept the contract, the obligation to keep it is binding on the woman although she does not in words agree to marry the man.

4. ———: **PERFORMANCE PREVENTED.** The rule that where the covenantee does any act by which the covenantor is incapacitated to observe his covenant the latter is released, does not apply where the covenantor's act impels the covenantee to the action complained of.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED *(with directions).*

*Howard Gray* for appellant.

(1) The contract sued on is a legal one and should be enforced. Powell v. Moeller, 107 Mo. 471. (2) The contract was to pay the plaintiff for the support of the child of

Bertha Sponable so much a year, but was not to be paid so long as Arthur Owens lived with Bertha Sponable or supported the child. If he did not do so, then these payments were to be made. (3) The law will not permit him to desert his wife, and thereby give her cause for divorce, and then set up her action in obtaining a divorce as a defense to this contract. (4) Under the terms of the contract sued on, Arthur Owens was not compelled to live with his wife or pay the fifty dollars. The contract provides that if he lives with his wife during the whole of any year or is supporting the child, he shall be released from paying the fifty dollars for such year. (5) The contract must be construed to mean that if Arthur Owens did not live with his wife he should support the child or pay the fifty dollars a year. (6) If he can plead that by deserting his wife and violating his marriage contract he is released from supporting the child or paying the fifty dollars, then we might as well say, that if he had killed his wife he could come in and set up her death as a defense herein. (7) The contract sued on was made for the benefit of the child for whom this plaintiff was named as trustee. The trustee can maintain a suit on this contract, and I do not believe that the conduct of Bertha Sponable in getting a divorce or entering into a new marriage contract with another would release this defendant. Street & Johnson v. Goodale, Barger & Co., 77 Mo. App. 318.

*Thomas & Hackney* for respondent.

(1) The contract signed by Arthur Owens, for the support of the child of Bertha Sponable, is without consideration, and the defendant's guaranty being also without consideration, is therefore void. Arthur Owens was under no legal obligation to support her child, whether a bastard or a child by a former marriage. Easley v. Gordon, 51 Mo. App. 637; Mercer v. Mercer, 87 Ky. 30; Clark v. McFarlands, Extr., 5 Dana 45. (2) The supposed consideration of marriage relied on

by appellant is lacking in this contract, for the reason that Bertha Sponable nowhere agreed to marry Arthur Owens. There was no mutual promise of marriage. (3) The contract with plaintiff, is for the benefit of the child, even if based on a' sufficient consideration, is void. The plaintiff, as the grandfather of the child of Bertha Sponable, was under no obligation to support said child. Haynes v. Waggoner, 25 Ind. 174; Huke v. Huke, 44 Mo. App. 308. In the absence of an obligation on plaintiff to support the child, he could make no valid contract with Arthur Owens, or the defendant, for its benefit. Devers v. Howard, 144 Mo. 677-8; Street & Johnson v. Goodale, 77 Mo. App. 318. (4) The action of Bertha Sponable in procuring a divorce from Arthur Owens and in marrying another person, and taking the child with her, put it out of her power to live with Arthur Owens as his wife, and rendered compliance with the contract impossible. This operated as a release of the defendant from any obligation on the contract, if any ever existed. Jarrel v. Farris, 6 Mo. 159.

ELLISON, J.—Plaintiff is the father of Bertha Sponable, who is the mother of a child born out of wedlock, in July, 1895. It appears that Arthur Owens is the father of the child; so that when it was about seven months old, to-wit, in February, 1896, he and plaintiff and said Bertha executed the following contract. The defendant, who is Arthur's father, signed the obligation set out below—the contract:

"This agreement made and entered into this eleventh day of February, 1896, by and between Arthur Owens, of Jasper county, Missouri, party of the first part, and Bertha Sponable and Frank Sponable, of said county and state, parties of the second part, witnesseth: That the party of the first part hereby agrees and binds himself to marry said Bertha Sponable on the twelfth day of February, 1896, and also to pay to Frank Sponable for the support of a certain child born to

said Bertha Sponable in the month of July, 1895, the sum of $50 per year for the period of fourteen years, payable annually on the birthday of said child, provided, however, that if the said Arthur Owens during the whole of any year lives with the said Bertha Sponable as his wife or is supporting the said child, the said Frank Sponable is to credit the said Owens on this contract with the sum of fifty dollars for each year that they are so living together or that he supports said child during the term of this agreement. This agreement is to be void in case of the death of the said Arthur Owens or of said child. The said Arthur Owens hereby further promises to pay to the said Frank Sponable on or before two years, the further sum of one hundred dollars to be evidenced by a promissory note of even date herewith. Also the said Arthur Owens hereby agrees to give his father, D. D. Owens, as security for the faithful performance of this contract. In testimony whereof the parties have to this agreement set their hands this eleventh day of February, 1896.

"A. OWENS.
"F. M. SPONABLE.
"BERTHA INEZ SPONABLE.

"I, D. D. Owens, hereby bind myself as security for the said Arthur Owens, for the faithful performance of this contract, guaranteeing that the same be fully complied with on the part of the said Arthur Owens. This the day and year first above written.

"D. D. OWENS."

It seems that Bertha and Arthur were then duly married, and that plaintiff was paid, as provided by the contract, up to 1899, when default was made. It seems that Arthur deserted Bertha and went to California and that in September, 1898, she obtained a divorce from him in the Jasper Circuit

Court, and afterwards married another husband and now lives in the State of Nebraska, having the child in her custody. This action is brought for the payment due in July, 1899. The defense was, first, that there was no consideration upon which to base the contract made by Arthur; and, second, that when Bertha obtained the divorce from him, he was released from his contract to pay the money. The judgment in the trial court was for defendant.

We have concluded that both defenses are unsound. The father of a bastard child, in the absence of a statute, is not legally bound for its support, however he may be morally; and his promise to the mother to support it is without consideration and therefore not enforcible. Easley v. Gordon, 51 Mo. App. 637. But in this case there is an agreement to marry, and such an agreement has always been considered a valuable consideration. Powell v. Moeller, 107 Mo. 471. The agreement to marry is not alone a consideration supporting an action for failure to marry, but it is a consideration upon which other lawful agreements may be based. It is not unlawful for a father to support, or agree to support, or to agree to provide for the support of his illegitimate child; and no reason can exist why he should not be allowed to legally bind himself in a contract with the mother of the child. It is but necessary that there be a legal consideration, and we are of the opinion that an agreement between the two to marry is sufficient.

But it is said the promise for support was here made to a third party (the woman's father) who, not being liable to support the child, has no legal interest in the matter. We need not go into the question of a promise made to one party for the benefit of another. For, in our view, the contract was with the prospective wife; that is to say, Arthur promised Bertha that he would marry her and that he would provide fifty dollars for the yearly support of the child by paying that

sum to this plaintiff, her father. And so it appears he brought this action as trustee.

It is, however, suggested that a reading of the contract discloses that Bertha did not promise to marry Arthur and therefore there was no mutuality. That is not a substantial objection. It is true the wording of the contract is that Arthur "binds himself to marry said Bertha," and there is no worded promise on her part. But she signed and accepted the contract and it became as binding an obligation upon her to marry him as it did upon him to marry her.

It will be noticed that the contract reads that each year Arthur lives with Bertha as his wife, he is to be exempt from paying the money. It is, therefore, urged that when she obtained the divorce she put it out of her power to live with him as his wife and that, in consequence, the contract is annulled. But Bertha obtained the divorce (as the decree shows) for the reason she was "the innocent and injured party;" and was "entitled to be divorced from" him. He will, therefore, not be permitted to avoid his contract on account of a divorce which was the result of wrongful conditions he brought about and which compelled her to procure it.

We are not unmindful of the rule of law that, "where the covenantee does any act by which the covenantor is incapacitated to observe his covenant," the latter is released. Jarrel v. Farris, 6 Mo. 159. But this rule ought not and does not apply to a case where the act of the covenantee is the compelling result of the first wrongful act of the covenantor, otherwise it would be in the power of all covenantors to release their covenants by their own willful conduct.

The judgment is reversed and the cause remanded with directions to enter judgment for the plaintiff. The other judges concur.