## A. W. COTTON, Respondent, v. ALONZO MEADOWS, Appellant.

### Kansas City Court of Appeals, May 13, 1912.

1. **REAL ESTATE BROKER: Repudiation of Contract: Meeting of Minds.** In an action for real estate brokerage commission, where the plaintiff found a person who would exchange his land for defendant's on the terms the latter submitted in writing to the agent, but the defendant denied the contract with plaintiff and repudiated the entire matter, plaintiff has earned his commission. And in such case there is no question of meeting of minds between the owners of the lands.

2. ———: ———: ———: ———: **Repudiation by Seller: Tender by Buyer.** If one employs a real estate agent to exchange his lands, by a written employment, stating the terms upon which he will trade, among others that each party must furnish abstracts of title, and the agent finds a man ready, able and willing to exchange, and defendant thereupon repudiates the contract with the agent, the agent may recover without showing the·man he produced tendered an abstract.

Appeal from Holt Circuit Court.—*Hon. William C. Ellison,* Judge.

AFFIRMED.

*B. R. Martin* and *R. B. Bridgman* for appellant.

The acceptance to close a contract on an offer must be absolute, unambiguous, unequivocal, without condition or reservation, and in exact accordance with the offer. In this case Bohart never accepted defendant's proposition of sale as required by law, so that defendant would be bound to pay plaintiff commission upon the proposed exchange of farms. McLean v. Gy. M. Ass'n, 64 Mo. App. 55; Scott v. Davis, 141 Mo. 213; Green v. Cole, 103 Mo. 70; Taylor v. Von Schraeder, 107 Mo. 206; Pomeroy on Contracts, secs. 61, 63, 64 and notes. Where the time of performance of a contract appears, from the intent of the parties, to be the

essence of the contract, stipulations in regard to time will be held to be conditions precedent; and if the contract is not performed within the stipulated time, the party aggrieved may repudiate the whole contract. Orange Growers' Ass'n, 161 Mo. 203, cases cited in this opinion; Trust Co. v. York, 81 Mo. App. 342; Dunaway v. Day, 163 Mo. 415; Boulware v. Crohn, 122 Mo. App. 659; Wall v. Ice & C. S. Co., 112 Mo. App. 659.

D. M. *Hunt* and W. A. *Blagg* for respondent.

If a real estate agent procures a purchaser ready, willing and able to make the purchase absolutely on the terms fixed by the principal and the latter accepts the buyer and enters into a contract with him respecting the sale and purchase or exchange of the property, he establishes a prima facie right to his commission. Lemon v. Lloyd, 46 Mo. App. 452; Findley v. Dyer, 79 Mo. App. 604; Gelatt v. Ridge, 117 Mo. 561. Whenever the agent procures a purchaser ready, willing and able to purchase or exchange for client's land, and he is accepted by client the agent is entitled to his commission. Nesbit v. Hilser, 49 Mo. 383; Woods v. Stephens, 46 Mo. 556; Hayden v. Grillo, 26 Mo. App. 293.

ELLISON, J.—Plaintiff is a real estate broker and claims a commission for securing a person ready, able and willing to exchange farms with defendant on the terms the latter submitted. The judgment in the trial court was for plaintiff.

It appears that defendant, though living in northwest Missouri, owned two farms in Labette county, Kansas, one of 308 acres about twelve miles from Parsons, and the other 320 acres about five miles from that town. P. L. Bohart owned a farm in Gentry county, Missouri, of 240 acres. In February, 1909, defendant wrote a letter to plaintiff listing with him

for sale or exchange the 320 acres five miles from Parsons. In the following fall, plaintiff learned through an agent of Bohart's that the latter would likely trade his farm in Gentry county. Plaintiff and defendant went to that county and looked over the farm. On the 2d of October plaintiff and Mr. Hunt, an attorney, went to defendant's home, when the attorney drew up a written proposal from defendant, though in the form of a contract, of the terms, in detail, upon which he would exchange his 308 acre farm in Kansas for Bohart's farm in Missouri, a part of the proposition being that defendant would pay $8000 difference. Defendant signed this, and it seems that afterwards Bohart's agent signed it. The proposal specified that it was subject to the approval of Bohart.

Plaintiff met Bohart in Kansas City and went with him to Kansas and together they examined defendant's farm. Plaintiff, as he states, desiring to do the best he could for defendant, stated to Bohart that defendant would only trade on the basis of $7000 difference in value. Bohart said he would think it over, but finally refused, and then, as the evidence in plaintiff's behalf tends to show, accepted verbally the written proposition and said he would make the exchange. So there was an acceptance by Bohart personally and by his agent. And though defendant insists there was no proof of agency, we find plaintiff testified that the man who first called his attention was Bohart's agent.

It further appears that plaintiff and Hunt then, about the 25th of October, went to see defendant and after getting into conversation, found him disposed to deny some things which were in his written proposal or contract, and to state others which perhaps were not in it. Whereupon plaintiff took the contract from his pocket and gave it to Hunt to read over, and defendant "seemed to think that wasn't the contract he had signed" and said "let me see it." When it was

handed to him he "backed off like somebody that had the upper hand, and he says 'Now what are you going to do about it?'" He then gave it to his boy "who took it out of the back kitchen door and that was the last I ever saw of the boy or the contract, until today when I saw the boy." Plaintiff and Hunt demanded a copy, but defendant refused. In this conversation defendant said he could not furnish a title to his Kansas farm, as an attachment had been levied upon it.

The evidence in behalf of defendant contradicts plaintiff's in essential particulars, but since the verdict was for plaintiff, we must accept that in plaintiff's behalf as embracing the facts in the case. From defendant's brief and argument it appears to be thought a necessity for him and Bohart to have made a contract, and it is said that there should have been a meeting of minds between them. That would be proper enough if this were litigation between defendant and Bohart. But this is a controversy with plaintiff, as defendant's agent, in which his principal complaint is that defendant wrongfully refused to comply with an agreement with him. The failure of the trade with Bohart is only an incident in the case. The matter for determination is, did plaintiff produce a man who was ready, able and willing to exchange lands on the terms authorized by defendant. The general principles governing the controversy are found in many cases, among others. [Lemon v. Lloyd, 46 Mo. App. 452; Wood v. Stephens, 46 Mo. 555; Gelatt v. Ridge, 117 Mo. l. c. 560.]

It appears that a part of the written proposal or contract was that each party was to furnish an abstract of title, and it is urged by defendant that there was no evidence showing that Bohart had produced or offered an abstract. That is true; but under the theory of plaintiff's case it would have been altogether useless, since defendant repudiated the whole affair. When plaintiff notified defendant that his service for

him had been performed,—that Bohart would trade— he immediately denied and repudiated the contract, and when shown to him he took and destroyed it. Notice was given him to produce it at the trial, but it was conceded he had destroyed it.

As has been already stated, there was direct contradiction in the evidence. As an instance, defendant denied knowing anything of a mortgage on Bohart's farm, while plaintiff showed it was expressly mentioned that there was a mortgage for that sum on each of their farms. Defendant testified there was a time limit of ten days in which plaintiff was to produce a party who would make the exchange, and plaintiff denied it. Defendant took and destroyed the contract which would have settled these things and can have only himself to blame if it would have sustained him.

The instructions clearly submitted the questions of fact necessary to plaintiff's recovery. They were justified by the evidence, and were in entire accord with the rule in this state governing real estate brokerage contracts. In one part of them the word "plaintiff" is used where "defendant" should have been, but the clerical error is so manifest that no misunderstanding could have arisen.

The judgment is affirmed. All concur.